George W. BONIN

v.

AMERICAN AIRLINES, INC., and The American Airlines, Inc. Pilot Retirement Plan.

No. CA 3–78–0280–C.

United States District Court, N.D. Texas, Dallas Division.

May 17, 1983.

Kelly D. McGehee, Robert D. Conkel, Dallas, Tex., for plaintiff.

Ralph E. Hartman, Robert C. Feldman and Robert F. Ruckman, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for defendants.

## OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Plaintiff has sued under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. for disability benefits denied to him by Defendant and a discretionary penalty of up to $100 per day that may be awarded for failure of a plan administrator to furnish information that ERISA mandates be furnished. See 29 U.S.C. § 1132.

This Court once dismissed this civil action for lack of subject matter jurisdiction. The Fifth Circuit reversed at 621 F.2d 635 (1980) and at page 640 gave this Court three options upon remand. The Court chose the third option and stayed this civil action until the conclusion of arbitral proceedings between Plaintiff's union and the Defendant.

Those proceedings have been completed with a finding that Plaintiff was discharged with just cause by Defendant. To this Court's knowledge, that decision has not been directly challenged by Plaintiff or his union in any court.

■ Ordinarily, the standard of review of a decision of a plan administrator is whether or not the decision was arbitrary and capricious. *Dennard v. Richards Group, Inc.,* 681 F.2d 306 (5 Cir.1982). As the Fifth Circuit recognized at p. 636 of its opinion in this case, Defendant as plan administrator for the plan covering Plaintiff, cannot take any action inconsistent with a final determination as to any issues such as discharge made under the procedures of the collective bargaining agreements of Plaintiff's union and Defendant.

That plan also provides, in pertinent part, in Section 6.4 that:

*Disability of a Member.* A Member whose employment as an Active Pilot Employee is terminated by reason of Disability prior to Normal Retirement Date shall be entitled to receive Normal Retirement Benefits commencing at the later of Normal Retirement Date and an applicable Late Retirement Date (or, to the extent permitted by Section 6.2 or 6.5, respectively, Early Retirement Benefits or Deferred Vested Retirement Benefits commencing prior thereto). If such Member does not continue to be employed by the Company, he or she shall be entitled to receive a Disability Retirement Benefit commencing 90 days after the later of the commencement of such Disability and the expiration of such Member's paid sick leave and vacation time accrued as a Pilot Employee, and ending on the earlier of the date such Disability ceases to exist and the date of commencement of such Member's Retirement Benefits. A member shall be deemed to cease to be an active Pilot Employee on the date his or her Disability Retirement Benefit commences.

In short a member of Defendant's Pilot Retirement Benefit Plan is only entitled to

a disability benefit before retirement age when:

1) he or she is terminated as a pilot because of a disability, and

2) he or she is also no longer employed by Defendant.

██ Plaintiff was terminated by Defendant for cause and not because of a disability. His proper forum for challenging his termination for cause was the grievance and arbitration procedures of his union and Defendant. As Defendant in its other capacity as plan administrator must abide by the outcome of the arbitration, its decision to deny disability benefits was correct and, of course, not arbitrary and capricious.

██ Plaintiff's other claim is for a fine of up to $100 per day for Defendant's failure to provide him with plan documents as provided for in Section 502(c) of ERISA, 29 U.S.C. § 1132(c). Such fines are discretionary with the court. This Court will exercise its discretion and not fine the Defendant for any tardiness by Defendant. *Paris v. Profit Sharing Plan,* 637 F.2d 357 (5 Cir. 1981), cert. den. 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981). Also, it appears that Defendant misconceived its duty to furnish documents to Plaintiff because of Defendant's employees confusion over what was then a recently enacted law. Defendant can be at most charged with nonfeasance, not purposeful malfeasance. So, in this instance, the Court does not see any reason why Defendant should be punished.

Plaintiff has, as corollary counts, requested attorneys' fees and punitive damages. As he has not prevailed on his main counts, these issues will not be discussed nor damages awarded and judgment will be awarded to Defendant.