569 F.Supp. 1510 (1983)
Garret F. MEYER, Jr., Plaintiff,
v.
PHILLIP MORRIS, INC., and The Seven-Up Company, Defendants.
No. 83-1107C(1).
United States District Court, E.D. Missouri, E.D.
September 6, 1983.
Kent D. Kehr, Clayton, Mo., for plaintiff.
Thomas C. Walsh, Gerard T. Carmody, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this court on defendants' motions to strike plaintiff's jury demand and to dismiss plaintiff's complaint. Defendants contend that plaintiff is not entitled to a jury trial of its claim, that he fails to state a claim upon which relief can be granted and that his claims are barred by the statute of limitations.
Plaintiff's cause of action arises out of the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. §§ 1001 et seq. In Count I of his complaint, plaintiff alleges a violation of section 1024(b)(4) of ERISA by reason of defendants' alleged failure to provide him with a statement of his accrued benefits and rights under a pension plan. Plaintiff alleges that he requested defendants to furnish him with such information on May 9, 1976, and on several subsequent dates, but that defendants *1511 failed to furnish such information within the required thirty (30) days after said request. Plaintiff seeks $100.00 for each day, after thirty (30) days after his request, that defendant has not provided the information, under 29 U.S.C. § 1132(c), and attorney's fees, costs and expenses, under 29 U.S.C. § 1132(g). In Count II of his complaint, plaintiff claims that defendants violated section 1024(b)(3) and (4) of ERISA by failing to furnish him with a copy of the pension plan's Summary Annual Report, a copy of the Summary Plan Description and a copy of his ERISA rights under the plan. Plaintiff seeks $50,000 in punitive damages for the alleged violations in Count II.
Defendants have not answered plaintiff's complaint, but have instead filed the instant motions. Defendants first move to strike defendants' request for a jury trial on the ground that a jury trial is not available in actions under ERISA. Defendants also move to dismiss both counts of plaintiff's complaint on the ground that neither states a claim upon which relief can be granted. With respect to Count I, defendants argue that plaintiff's failure to allege a "written request" for a statement of his accrued benefits and rights under the pension plan is a fatal defect in his complaint. In addition, defendants contend that the claim in Count I is barred by the three (3) year statute of limitations in 29 U.S.C. § 1113. With respect to Count II, defendants argue that punitive damages are not recoverable in an action under ERISA and that plaintiff's failure to allege actual damage is also a fatal defect in his complaint.
In passing on a motion to dismiss, a trial court is required to view the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1947). A complaint will withstand a motion to dismiss even if it appears on the face of the complaint that a recovery is very remote. Id.

1. Right to a Jury Trial

There is no right to a jury trial in ERISA actions under either the terms of ERISA or under the seventh amendment. In Re Vorpahl, 695 F.2d 318 (8th Cir.1982). Therefore, defendants' motion to strike plaintiff's demand for a jury trial be and is granted.

2. COUNT I

a. Failure to State A Claim

Sections 1025(a) and 1024(b)(4) both require a request in writing as a condition precedent to a pension plan administrator's obligation to provide the information covered by those sections. 29 U.S.C. §§ 1025(a), 1024(b)(4). In the instant case, plaintiff has alleged that he requested the information, but he has not alleged a "written" request.
Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a). In Conley v. Gibson, supra, the Court stated:
a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.
355 U.S. at 45-46, 78 S.Ct. at 101-02.
Under the above pleading standards, plaintiff's failure to plead that his request was in writing is not a fatal defect, because it does not appear beyond doubt that plaintiff cannot prove that his request was in writing. If in fact plaintiff's request was not in writing, there are other procedural devices available to defendants by which they may raise the issue and obtain relief prior to a full trial, such as a motion for summary judgment. In addition, plaintiff has, in his memorandum in opposition to defendants' motions, moved for leave to amend his complaint to insert the allegation that the request was in writing. For all these reasons, defendants' motion to dismiss Count I is denied and plaintiff is granted leave to amend his complaint to allege a written request.

b. Statute of Limitations

Section 1113 of ERISA states:

*1512 (a) No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after [three (3) years] ...
29 U.S.C. § 1113(a) (emphasis added). Defendants maintain that the above statute of limitations operates to bar plaintiff's claim. However, this Court agrees with plaintiff that the express language of section 1113 warrants a contrary conclusion. Plaintiff is suing for violations of sections 1024(b)(3) and (4), 1025(a) and 1132(c). The first three sections are found in Subtitle B, Part 1 of Subchapter I. The fourth section is found in Part 5 of the same Subtitle and Subchapter. Section 1113 is found in Part 4 of the same Subtitle and Subchapter. Section 1113 does not apply to plaintiff's claims because section 1113 is expressly limited to actions brought under Part 4. Therefore, defendants' motion to dismiss Count I of plaintiff's complaint must be denied.
As an alternative ground for denying defendants' motion to dismiss, this Court holds that even if section 1113 was applicable to plaintiff's claims it does not appear from the face of the complaint that the claims are barred. Plaintiff alleges that he made his requests on "May 9, 1976, and on several occasions after such date ...." Thus, even if plaintiff's claim for the May 6, 1976, request was barred, his claims for later requests might not be barred.

3. COUNT II
Plaintiff relies on section 1132(a)(3)(B) to support his contention that punitive damages are available in ERISA actions. Section 1132(a)(3)(B) empowers a district court to grant injunctive and "other appropriate equitable relief" in ERISA actions. 29 U.S.C. § 1132(a)(3)(B).
Several courts have held that punitive damages are not available in actions under ERISA. Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1216-17 (8th Cir.), cert. denied 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981); Calhoun v. Falstaff Brewing Corp., 478 F.Supp. 357, 359 (E.D. Mo.1978); Hurn v. Retirement Fund Trust of Plumbing, etc., 424 F.Supp. 80 (C.D.Cal. 1976); Maxfield v. Central States Health, Welfare and Pension Funds, 559 F.Supp. 158, 160 (N.D.Ill.1982). Contra, Jiminez v. Pioneer Diecasters, 549 F.Supp. 677, 679-81 (C.D.Cal.1982) (see cases cited at 679 n. 4). In Dependahl, supra, the court held that punitive damages were not available, as a matter of federal common law, in actions for tortious interference with employee benefit plans. 653 F.2d at 1216. The court analyzed the issue in terms of the extent to which punitive damages were necessary to deter the specific conduct complained of. Id. at 1217.
Application of Dependahl to the instant case leads to the same result, because punitive damages are not necessary to deter the conduct which plaintiff complains of. Plaintiff complains of the administrator's refusal to supply certain requested information. The $100 per day penalty for such a refusal, provided in section 1132(c), 29 U.S.C. § 1132(c), is an adequate deterrent.
In addition, section 1132(c) by its terms limits the monetary relief which a district court can award for an administrator's alleged refusal to supply requested information. Section 1132(c) provides that a court may in its discretion award the plan participant or beneficiary "up to $100 a day from the date of" the administrator's failure or refusal to supply the information required or requested to be supplied. 29 U.S.C. § 1132(c) (emphasis added). A common sense reading of the "up to" language of section 1132(c) suggests that Congress intended to place a ceiling on an administrator's monetary liability for breaches of his duty to supply information. Thus, punitive damages in excess of the statutory penalty limit are not available in ERISA actions based upon an administrator's refusal to supply information required by statute to be supplied.
Accordingly, defendants' motion to dismiss Count II of plaintiff's complaint be and is granted. It is not necessary to reach defendants' other argument that punitive *1513 damages are not available unless compensatory damages are also sought.