803 F.2d 713
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linda C. KORNEGAY, Appellant,
v.
BURLINGTON INDUSTRIES, INC., Appellee.
 No. 84-1504.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1986.
Decided Aug. 19, 1986.
 
 Harvey L. Kennedy (Harold L. Kennedy, III; Kennedy, Kennedy, Kennedy and Kennedy on brief), for appellant.
 William P.H. Cary (Bhornton H. Brooks; Brooks, Pierce, McLendon, Humphrey & Leonard on brief), for appellee.
 M.D.N.C.
 VACATED AND REMANDED.
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Linda C. Kornegay, a former secretary at Burlington Industries' corporate headquarters, sued Burlington alleging that Burlington discriminated against her because of her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. Sec. 1981. Kornegay alleged discrimination by Burlington in promotions and wages, as well as retaliation against her after she filed an internal grievance and an Equal Employment Opportunity Commission charge. We affirm the district court's judgment on all issues except the claim of discrimination with respect to wages. Consequently, we vacate the order of dismissal and remand the case for consideration of the wage issue.
 
 
 2
 After a lengthy trial, the district court made detailed findings of fact on all issues save the wage claim. Various challenges are made to these findings. On reviewing the record, we conclude that the court's findings are not clearly erroneous. Consequently, we must accept them. See Anderson v. City of Bessemer City, North Carolina, 105 S.Ct. 1504 (1985).
 
 
 3
 Kornegay also challenges the district court's conclusions regarding the scope of the issues to be tried. Although the court properly allowed her to introduce extensive evidence of Burlington's past promotion and wage practices, the court held that the scope of the action based on Title VII would be limited to the "discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge." The court noted that the EEOC charge and the amended charge referred to only one specific incident, the failure to promote Kornegay to an administrative assistant position in 1977. The investigation related only to this charge. Consequently, the court held that Title VII conferred no jurisdiction to try other allegations of discriminatory practices.
 
 
 4
 The district court's ruling comports with King v. Seaboard Coast Line R.R., 538 F.2d 581 (4th Cir.1976), where we explained that the charge and the EEOC's investigation limit the complainant's subsequent civil action. Accordingly, we affirm the district court's limitation of the scope of Kornegay's cause of action under Title VII.
 
 
 5
 Kornegay's claim also was based on 42 U.S.C. Sec. 1981. Although the controversy centered around the 1977 decision on the administrative assistant position, she also claimed that she had been discriminatorily denied other promotions. Burlington claimed that the applicable three-year statute of limitations, N.C.Gen.Stat. Sec. 1-52, foreclosed litigation of any discriminatory acts prior to 1979. The district court allowed Kornegay to introduce evidence regarding any alleged discrimination. It then held that the three-year statute of limitations barred the claims involving denial of promotion before 1979. It found that Kornegay had failed to prove that denials after 1979 were discriminatorily motivated. To avoid the bar of the statute of limitations, Kornegay asserts that she was the victim of continuing discrimination from 1977 until her action was commenced in 1982.
 
 
 6
 The court properly determined that North Carolina's three-year statute of limitations was applicable. See King v. Seaboard Coast Line R.R., 538 F.2d 581, 584 (4th Cir.1976). Two related, but separate, reasons require rejection of Kornegay's theory that continuing violation of her rights avoids the bar of the statute. Kornegay's complaints involved discrete denials of promotion for identifiable vacancies. She did not prove the application of discriminatory tests, criteria, or procedures for administering a promotion policy. Because the claims arose out of discrete events involving the selection of other employees for specific vacancies and the rejection of Kornegay's applications, the discrimination--if any--occurred at the time the vacancies were filled. The three-year statute then began to run. The rejection of Kornegay did not constitute a continuing violation even though it had a continuing effect. See Delaware State College v. Ricks, 449 U.S. 250, 256-258 (1980).
 
 
 7
 The second reason for barring acceptance of Kornegay's continuing violation theory is the absence of any violation after 1979. The district court found on the basis of sufficient evidence that the company did not discriminate against Kornegay because of her race when it denied her two promotions after 1979. The absence of violation in the three years preceding commencement of the action establishes that there is no continuing violation. Hill v. AT & T Technologies, Inc., 731 F.2d 175, 179-80 (4th Cir.1984).
 
 
 8
 Kornegay also assigns error to the district court's failure to make specific findings regarding her wage discrimination claim, which was asserted under both Title VII and Sec. 1981. Kornegay introduced exhibits that showed she was paid less than some white secretaries. The exhibits disclosed the wages received by individuals from 1978 through 1983, or for shorter times depending on the individual's date of hire and termination. Some of the secretaries were paid more than Kornegay although they were in lower grades, had less experience, or less formal education. A witness for the company explained that the pay policy permitted a wide overlap between grades depending on qualification, experience, and merit. Through him the company introduced the personnel records of the employees whose wages were being compared. In some instances these records tended to corroborate that at least on paper Kornegay's qualifications and experience were not significantly different from secretaries who were receiving higher pay.
 
 
 9
 During the trial, the court ruled that Kornegay's Title VII wage claim was barred because it was not included in the EEOC charge. It also held that the claim under Sec. 1981 would be limited to three years preceding the commencement of the action. Unfortunately, however, the district court made no reference to the merits of the wage claim from the bench or in its written opinion. Acknowledging this hiatus in the court's adjudication of the case, the company urges us to deny Kornegay's claim on the ground that she did not prove the jobs, responsibilities, skills, qualifications, or performance of the employees who were selected for comparison.
 
 
 10
 We approve of the rulings the district court made pertaining to the scope of the Title VII claim and the statute of limitations. These rulings narrow the wage issue, but they do not dispose of the factual issues involved in the three-year claim pressed under Sec. 1981. When a material factual issue has not been resolved, the case usually should be remanded. An exception to this general rule permits an appellate court to dispose of the question when the factual issue can be resolved only one way. See Pullman-Standard v. Swint, 456 U.S. 273, 291-92 (1982). In this instance, we believe the general rule must apply.
 
 
 11
 In Bazemore v. Friday, 751 F.2d 662, 670 (4th Cir.1984), we set forth the elements of a discriminatory wage claim, holding that the claimant must show more than a simple disparity. Proof of the qualifications of both the claimant and the other employees with whom the claimant seeks to be compared is necessary. Here proof of the relative qualifications of Kornegay and other employees depends in part on the weight to be given to the data in the personnel record. It also depends on the credibility of the company's witnesses who testified about the company's pay policy and the qualifications of Kornegay and the other employees being compared. Assessment of Kornegay's credibility is also essential for she, too, testified about her own qualifications. A district court is better fitted to make findings on these questions than an appellate court, so in compliance with Pullman-Standard we remand this issue.
 
 
 12
 We vacate the judgment dismissing Kornegay's action and remand the wage issue to the district court for further proceedings. We find no error in any other aspect of the case.
 
 
 13
 VACATED AND REMANDED FOR FURTHER PROCEEDINGS ON THE SINGLE ISSUE OF WAGE DISCRIMINATION.