956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nicolas RIVERA, et al., Plaintiffs-Appellants,
v.
Stan MILLER, et al., Defendants-Appellees.
 No. 91-55129.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1992.
Decided March 6, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges:
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants, thirty farmworkers (collectively "Rivera"), appeal the grant of summary judgment to the J.R. Norton Company Retirement Plan ("Norton") holding that Rivera had no claim under Amalgamated Clothing & Textile Workers Union v. Murdock, 861 F.2d 1406 (9th Cir.1988). The court also declined to assess penalties against Norton for the claimed failure timely to provide plan documents. We affirm.
 
 I.
 
 3
 Rivera claims that Norton violated its fiduciary duty of loyalty by establishing and maintaining a retirement plan that operated as a tax-free savings account for Norton. Retirement plans, Rivera argues, must be maintained exclusively for the benefit of plan participants. Rivera further alleges that Norton used unreasonable actuarial assumptions in administering the plan, which resulted in excess funding of its retirement benefits plan.
 
 
 4
 In Murdock, we held that, even though plan participants had received their defined benefits, they still had standing to sue when the plan fiduciary violated the duty of loyalty by putting plan assets at risk, engaging in self dealing, and amending the plan so that any ill-gotten profits would be distributed to him. 861 F.2d at 1418. Murdock is an exception to the rule that plan participants have no standing to seek monetary damages after they have received their defined benefits. Kuntz v. Reese, 785 F.2d 1410, 1411-12 (9th Cir.), cert. denied, 479 U.S. 916 (1986).
 
 
 5
 The facts of this case do not make out a Murdock claim. There are no allegations that Norton put plan assets at risk or engaged in self-dealing. The actuarial assumptions used by Norton are subject to highly deferential review. They were not arbitrary and capricious. British Motor Cars Distribs. v. San Francisco Auto. Indus. Welfare Fund, 882 F.2d 371, 376 (9th Cir.1989). In British Motor Cars we specifically noted that, because of the number of contingencies involved, it is not uncommon that actuarial projections produce surplus assets. Id.
 
 II.
 
 6
 The district court did not abuse its discretion in not assessing penalties for Norton's failure timely to provide plan documents. Penalties under 29 U.S.C. § 1132(c) may properly be denied if the duty to furnish documents was unclear. Bonin v. American Airlines, Inc., 562 F.Supp. 896, 898 (N.D.Tex.1983), aff'd, 738 F.2d 435 (5th Cir.1984), cert. denied, 471 U.S. 1005 (1985). Further, Rivera demonstrated no prejudice as a result of the untimely production of documents.
 
 III.
 
 7
 Finally, we conclude that this appeal is frivolous. Rivera cited no authority in support of his argument that a Murdock claim extends to the facts of this case. See Operating Engineers Pension Trust v. Cecil Backhoe Serv., Inc., 795 F.2d 1501, 1508 (9th Cir.1986). Further, the district court had previously warned counsel of the insubstantiality of its position and advised counsel to halt this fishing expedition. Consequently, appellate counsel for Rivera are assessed double the costs incurred by Norton in defending this appeal. Fed.R.App.P. 38, 39.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3