Peggy J. LEE, Plaintiff,

v.

BENEFIT PLANS ADMINISTRATOR OF ARMCO, INC., Defendant.

Civ. A. No. H–90–3642.

United States District Court,
S.D. Texas,
Houston Division.

April 30, 1992.

Phyllis A. Finger, Houston, Tex., for plaintiff.

Douglas E. Hamel, Robert L. Ivey, Vinson & Elkins, Houston, Tex., for defendant.

### ORDER

HITTNER, District Judge.

Plaintiff Peggy J. Lee ("Lee") brought the instant suit for damages and at equity for the alleged violation of her rights to employee benefit information pursuant to the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. § 1132, *et seq.* ("ERISA"). This cause came on for a one day trial to the Court on April 28, 1992. The Court has considered the parties proposed findings of fact and conclusions of law, the evidence adduced at trial and the applicable law, this Court enters the following findings of fact and conclusions of law.

*Facts*

The facts of this case are almost entirely undisputed. Lee is a participant in the Armco, Inc. Noncontributory Pension Plan.

858

She was employed by National Supply Company, a division of ARMCO, from June, 1968 to July, 1982, fourteen years and two months. The ARMCO, Inc. Noncontributory Pension Plan is administered by the defendant Benefit Plans Administrative Committee of ARMCO, Inc. ("Administrator").

On September 14, 1990, Lee telephoned the offices of the administrator several times and inquired about her benefits. Employees of the Administrator informed Lee that she did not appear in the computer Retiree Master File. Lee then sent a certified letter to the Administrator on September 26, 1990 specifically requesting the following: (1) age and amount of pension she would receive and (2) copies of the pension plan. The Administrator received the letter on October 1, 1990. The Administrator did not respond to Lee's letter within thirty days. Lee filed the instant suit on November 28, 1990 seeking to enforce the provisions of ERISA regarding an administrator's refusal or failure to supply requested information.

On December 20, 1990, the Administrator forwarded Lee's accrued pension benefits statement. Lee received a copy of the pension plan on February 14, 1991.

*Liability under the Statute*

Section 1132 of ERISA provides:

Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

The Administrator does not dispute that Lee was entitled to the information which she requested. Rather, the Administrator argues that its failure to provide the information within thirty (30) days [1] was not in bad faith or in the alternative was due to matters reasonably beyond its control.

The Fifth Circuit has addressed the specific statute in issue, 29 U.S.C.A. § 1132(c), on only four occasions. In three of those cases, the court said the statute did not apply. *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir.1990) (holding that the statute did not apply because plaintiff had not actually requested information concerning his pension plan); *Paris v. Profit Sharing Plan*, 637 F.2d 357, 362 (5th Cir.), *cert. denied*, 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981) (holding that plaintiffs were not entitled to information in light of ultimate determination that they did not meet the definition of "participant"); *Nugent v. Jesuit High School of New Orleans*, 625 F.2d 1285, 1288 (5th Cir.1980) (holding that statute did not apply because plaintiff did not meet definition of "participant"). In the remaining case, the court did not reach the statute. *Bonin v. American Airlines, Inc.*, 621 F.2d 635 (1980) (holding the district court erred in dismissing the case for lack of subject matter jurisdiction). The Fifth Circuit has determined, however, that the decision to grant relief under 29 U.S.C.A. § 1132(c) is committed to the discretion of the trial judge. *Paris*, 637 F.2d at 362.

■ The Administrator argues that it should not be held liable under § 1132(c) because its failure to timely provide Lee the information requested was not in bad faith or intentional. The Fifth Circuit has not directly addressed the question. One Texas district court has "exercised its discretion" not to award a penalty when addressing an administrator's inadvertent failure to provide information. *Bonin v. American Airlines, Inc.*, 562 F.Supp. 896, 898 (N.D.Tex.1983), *aff'd without opin.*, 738 F.2d 435 (5th Cir.1984), *cert. denied*, 471 U.S. 1005, 105 S.Ct. 1868, 85 L.Ed.2d

1. The Administrator did not argue or present evidence that the disclosure time period was or

should be extended pursuant to 29 C.F.R. §§ 2520.104–5 to .104–6.

162 (1985). The court did not hold, however, that it was required not to award a penalty unless there was intentional conduct.

■ Moreover, this Court finds nothing in the plain language of the statute to support a holding that an Administrator is not liable unless its act of withholding information was deliberate. Rather, it appears that when Congress specifically included the language "fails or refuses" it contemplated strict liability for acts reasonably within the Administrator's control. Therefore, this Court holds that the failure to timely provide information, whether negligent or intentional, renders an Administrator liable under § 1132(c) unless that failure results from matter beyond the control of the Administrator.

■ The Administrator further argues that it should not be held liable under § 1132(c) because its failure to timely provide Lee the information requested was due to matters reasonably beyond its control. The statute specifically provides that a failure or refusal to provide information which results from matters reasonably beyond the control of the administrator is a defense to liability. The Fifth Circuit has not addressed what matters are to be determined "reasonably beyond" an administrator's control. This Court, therefore, construes the statutory language in light of the purpose of the provision.

■ Congress' purpose in enacting the ERISA disclosure provisions was to "ensur[e] that 'the individual participant knows exactly where he stands with respect to the plan.'" *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989) (quoting H.R. Rep. 533, 93d Cong.2d Sess., 11 (1973), U.S.Code Cong. & Admin.News 1974, 4639, 4649). Moreover, Congress included the word "reasonably" as a modification of the phrase "beyond an administrator's control." Congress' inclusion of the word "reasonably" demonstrates that it intended administrators to have an affirmative duty to act reasonably in discharging their disclosure duties under ERISA. That is, an administrator cannot avoid liability for untimely disclosure of information by acting unreasonably in permitting matter to be beyond its control.

Claudia Roberts ("Roberts"), representative of the Administrator, testified that, at the time Lee sought the information at issue in this case, she and one other employee of the Administrator, Nancy Kane ("Kane") were solely responsible for managing the records for 10,000 retirees. Roberts stated that she also had several other duties to perform contemporaneously. Roberts further testified that the Administrator did not have a system for handling requests for information and has not, to date, established such a system. With regard to Lee's request in particular, Roberts testified that, because Lee's information did not appear in the computer when Lee called to request it, Roberts had to investigate the records. Such investigation required Roberts to contact an offsite warehouse in Ohio to retrieve Lee's personnel file and then contact a Houston company to obtain earnings information. Roberts other duties precluded her from having sufficient time to telephone Lee and advise her of the delay.

This Court finds most significant, however, Roberts' testimony that she did not ever receive any training from the Administrator on how to process requests for information and *she was never advised by the Administrator that a law regarding disclosure within 30 days existed.* Based upon this testimony, the Court determines that the Administrator acted with deliberate indifference to its duties under ERISA. Therefore, the Court finds that the statutory defense is not available to the Administrator.

*Penalty*

■ Having determined that the Administrator is liable, the Court must now determine an appropriate penalty, up to $100 per day. The Administrator urges that Lee has not been prejudiced by its failure to provide the requested information and, therefore, no penalty should be awarded. The Court declines to adopt the Administrator's "no harm, no foul" rule. Instead, as

the Court has determined that the Administrator acted with deliberate indifference to its responsibilities, the Court finds that the maximum penalty available is the proper penalty.

The Administrator failed to provide half of the information requested, that regarding the amount of pension Lee would receive, for 50 days (November 1, 1990—December 20, 1990). The Administrator failed to provide the remaining half of the information requested, a copy of the pension plan, for 106 days (November 1, 1990—February 14, 1990). Therefore, the Administrator is liable for $100 per day for 50 days and $50 per day for the remaining 56 days. The total amount of the penalty which this Court finds appropriate in the case is $7,800.

*Costs and Attorneys' Fees*

Section 1132(g)(1) of ERISA provides that:

> In any action under this title by a participant or beneficiary, the Court may allow a reasonable attorneys' fees and costs of the action to either party.

Factors relevant to determining whether to award attorneys' fees to a party under ERISA include:

1. the degree of the opposing parties' culpability or bad faith;

2. the ability of the opposing parties to satisfy an award of attorneys' fees;

3. whether an award of attorneys' fees would deter other persons acting under similar circumstances;

4. whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant question regarding ERISA itself; and

5. the relative merits of the parties' positions.

*Iron Workers Local #272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980).

■ The Court determines that an award of attorneys' fees is appropriate in this case. Counsel for Lee, Phyllis A. Finger ("Finger") testified that a reasonable, if not low, rate for legal work of the type involved in this case was $150.00 per hour. Finger further testified about her 166.6 hours of legal efforts in this cause including legal research concerning service of process when the Administrator failed to acknowledge service of Lee's complaint and preparation and filing of a motion for summary judgment when the Administrator failed to timely respond to requests for admissions. The Administrator stipulates that it has the ability to satisfy an award of attorneys' fees.

■ Factors three through five weigh significantly in favor of an award of attorneys' fees in this cause. ERISA is a broad, preemptive federal regulation.[2] In fact, this Court is acutely aware that ERISA's preemptive effect often yields inequitable results by depriving individuals of a remedy for a wrong suffered. The Court also understands the benefit of uniformity when Congress enacts a statute so pervasive. However, when Congress creates a right by statute that is as exacting as the rights it has taken away by statute, this Court will apply both statutes with equal force. The Administrator in this case has demonstrated through testimony and documentation that it does not view 29 U.S.C. § 1132(c) as imposing an unequivocal duty to participants and beneficiaries. This Court finds that it does.

An award of attorneys' fees in the full amount requested in this case will serve not only Lee but also the other participants and beneficiaries who rely on the Administrator to maintain and provide information concerning what funds these individuals will receive in their retirement years. Therefore, the Court awards reasonable attorneys' fees in the following amounts:

1. $25,000 attorneys' fees for the trial of this cause,

---

**2.** *See* 29 U.S.C. § 1144(a) (1982). ERISA is "designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct.

1549, 1552, 95 L.Ed.2d 39 (1987) (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981)).

2. $5,000 attorneys' fees for a successful appeal of this cause to the Fifth Circuit Court of Appeals, should such an appeal occur, and

3. an additional $5,000 attorneys' fee for a successful appeal of this cause to the United States Supreme Court, should such an appeal occur.

The Court also awards reasonable costs of court as established by testimony of $650.

SIGNED at Houston, Texas, on this the 30 day of April, 1991.

### FINAL JUDGMENT

This Court contemporaneously enters findings of fact and conclusions of law. Based upon those findings, this Court ORDERS that judgment be entered in favor of plaintiff Peggy J. Lee ("Lee"). It is further ORDERED that Lee recover from defendant Benefit Plans Administrator of Armco, Inc. judgment for:

1. The sum of $7,800.00, being the amount of penalty recoverable under 29 U.S.C. § 1132(c);

2. The sum of $25,000.00, being the amount of reasonable attorneys' fees recoverable under 29 U.S.C. § 1132(g);

3. The sum of $650.00, being the amount of reasonable costs incurred in the action recoverable under 29 U.S.C. § 1132(g);

4. Post-judgment interest on the foregoing amounts at the statutory rate of 4.55% from date of the entry of this judgment until paid.

This is a FINAL JUDGMENT.