**James R. DAMON, Conservator for the Estate of Edith Lorraine Damon, a protected person, Plaintiff,**

v.

**UNISYS CORPORATION, a foreign corporation, Defendant.**

Civ. A. No. 93–B–312.

United States District Court, D. Colorado.

Jan. 13, 1994.

---

Peter Smith, Peter Smith & Susan Young Law Offices, P.C., Englewood, CO, for plaintiff.

Michael D. Nosler, Brian J. Spano, Rothgerber, Appel, Powers & Johnson, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant Unisys Corporation (Unisys) moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 on plaintiff's claim under ERISA, 29 U.S.C. § 1132(c). I have jurisdiction over this action pursuant to 29 U.S.C. § 1132(e). The material facts are undisputed. Because I conclude that plaintiff's claim is barred by the applicable statute of limitations, I will grant Unisys' motion.

### I.

Plaintiff James R. Damon (Damon) seeks the statutory penalty under ERISA § 1132(c) for defendant's alleged failure to provide information pursuant to 29 U.S.C. § 1024. In addition, Damon seeks an award of attorneys' fees and costs. Damon is the conservator for the Estate of Edith Lorraine Damon (Ms. Damon).

On July 27, 1986, Ms. Damon shot her husband, Robert L. Damon (Mr. Damon), causing his death. At the time of his death, Mr. Damon was a participant in a post-retirement medical plan (the plan) administered by defendant. Ms. Damon, as Mr. Damon's spouse, was a beneficiary under the plan.

Ms. Damon was found not guilty of the murder of her husband by reason of insanity and was committed to the Colorado State Hospital on October 31, 1987. Pursuant to the plan, defendant paid for the care and treatment of Ms. Damon at the Colorado State Hospital from the date of her confinement on October 23, 1987 until June 1, 1989. The payment of Ms. Damon's benefits was coordinated by the plan office.

On March 3, 1989, the plan office obtained Ms. Damon's medical records from the Colorado State Hospital and initiated a review of her treatment. The plan office submitted Ms. Damon's medical records to Dr. Philippa Coughlan for review. Dr. Coughlan determined that the care and treatment that Ms.

Damon was receiving at the Colorado State Hospital was not medically necessary. The Director of Welfare Plans and Financial Administration for Unisys concurred with Dr. Coughlan and authorized the termination of Ms. Damon's benefits under the terms of the plan.

In April 1989, the plan office sent a letter to Ms. Damon advising her that, effective June 1, 1989, she would no longer be eligible for plan benefits for her treatment at the Colorado State Hospital. On June 17, 1989, plaintiff, as Ms. Damon's son and conservator, sent a letter to defendant and requested a review and reconsideration of the termination of Ms. Damon's benefits. Damon also requested "a copy of the policy under which benefits are currently being paid and copies of all medical records you obtained in order to make your determination."

On July 31, 1989, Unisys sent a letter to Damon advising that Unisys did not believe that the treatment Ms. Damon was receiving at the Colorado State Hospital was covered by the plan, stating that: "all medical records obtained by Unisys are considered confidential. You may request this information directly from the hospital." On January 5, 1990, Damon telephoned Lynn Zimmerman at the Unisys Benefits Payment Office regarding the medical records and policy language.

Damon then prosecuted an action, including a claim for penalties, in Colorado state court case # 87 PR 657. The Colorado trial court found that denial of plan benefits was arbitrary and capricious, ordered their reinstatement, and awarded Damon his fees and costs, but dismissed his penalties claim as outside the court's jurisdiction. (Plaintiff's Summary Judgment Exhibit B.) Damon filed this action on February 8, 1993, reasserting the penalties claim here. Although Damon also alleges violation of 29 U.S.C. § 1001, *et seq.,* including §§ 1102, 1103, and § 1021 *et seq.,* (Complaint, ¶ 17.), review of his pleadings makes it clear that he is seeking damages only pursuant to § 1132(c) for the alleged refusal to provide § 1024 information, and for attorney fees and costs under § 1132(g). (Order Re; Joint Stipulated Plan and Schedule for Discovery, ¶ II.A.).

## II.

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## III.

Damon's claim in this case is for penalties of up to $100 per day pursuant to section 1132(c) for Unisys' failure to respond to his demand for documents as required by 29 U.S.C. § 1024(b)(4). Section 1132(c) provides:

Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

Unisys moves for summary judgment arguing that Damon's claim is time barred because either a one or two year statute of limitations applies to a § 1132(c) claim. In addition, Unisys argues that Damon failed to re-file his § 1132(c) claim within 90 days of the state court dismissal as required by § 13-80-111, 6A C.R.S. (1987). Because I conclude that Damon's claim is time barred, I find it unnecessary to address this second argument.

 Section 1132 of ERISA contains no statute of limitations. When a federal statute does not provide for a specific limitations period, a federal court must look to state law to determine the appropriate time period for commencing suit. *Cope v. Anderson,* 331 U.S. 461, 463, 67 S.Ct. 1340, 1341, 91 L.Ed.

1602 (1947); *Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197, 1198 (10th Cir.1990) (citing *Reed v. United Transp. Union*, 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989)). If there is no exact state counterpart to the federal claim then the limitations period for the state action most analogous to the federal claim is applied. *Auto Workers v. Hoosier Corp.*, 383 U.S. 696, 704–06, 86 S.Ct. 1107, 1112–14, 16 L.Ed.2d 192 (1966). The determination of which limitations period is most appropriate requires an examination of the nature of the federal claim and the federal policies involved. *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 60–61, 101 S.Ct. 1559, 1562–1563, 67 L.Ed.2d 732 (1981); *Trustees of the Wyoming Laborers Health and Welfare Plan v. Morgan & Oswood Construction Company, Inc. of Wyoming*, 850 F.2d 613, 618 (10th Cir.1988).

■ Some courts addressing the issue of the appropriate statute of limitations applicable to a § 1132(c) claim have applied the statute of limitations governing a contract claim. *See United Food and Comm'l Workers Local 204 v. Harris–Teeter Super Markets, Inc.*, 716 F. Supp. 1551, 1560–61 (W.D.N.C.1989); *Abbott v. Drs. Ridgik, Steinberg & Associates, P.A.*, 609 F.Supp. 1216, 1220 (D.N.J.1985). The *Harris–Teeter* court reached this conclusion without explanation. The *Abbott* court reasoned that in addition to punishing the plan administrator, the award of § 1132(c) penalties compensates the plaintiff. *Abbott*, 609 F.Supp. at 1219. In concluding that the penalty provision had a compensatory aspect, the court noted that a successful § 1132(c) claimant is required to demonstrate prejudice resulting from an administrator's failure to provide requested information in a timely fashion. *Id.* Many courts, however, disagree that prejudice is a requirement for a successful § 1132(c) claim, rather, it is generally considered but one factor that a court may consider at its discretion. *See Sage v. Automation, Inc. Pension Plan and Trust*, 845 F.2d 885, 894 n. 4 (10th Cir.1988); *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1494 (11th Cir.1993); *Lee v. Benefit Plans Adm'r of Armco, Inc.*, 789 F.Supp. 856, 859–60 (S.D.Tex.1992); *Bemis v. Hogue*, 635 F.Supp. 1100, 1106 (E.D.Mich.1986);

*Shlomchik v. Retirement Plan of Amalgamated Ins. Fund*, 502 F.Supp. 240, 245 (E.D.Pa.1980). The Tenth Circuit addressed the nature of a § 1132(c) claim in a footnote:

> The penalty contained in § 1132(c) was designed to induce compliance with information requests by plan participants and beneficiaries. When a plan representatives are completely indifferent to reasonable requests for plan and benefit information, a district court, in its discretion, may impose a penalty, even absent 1) a showing of bad faith on the part of the plan representatives, and 2) a showing of prejudice caused by the lack of prompt disclosure.

*Sage*, 845 F.2d at 894 n. 4 (citations omitted). Because in this Circuit a § 1132(c) claimant is not required to demonstrate prejudice, I fail to see a clear analogy between a contract claim and a request for penalties pursuant to § 1132(c). Prejudice, if any, is merely one factor to be considered in the exercise of the court's discretion as to the amount of the penalty. The penalty remains penal.

■ I conclude that the state law claim most analogous to a § 1132(c) civil penalty claim is an action for civil penalties pursuant to a penal statute. *Accord Cohen v. Zarwin & Baum, P.C.*, 1993 WL 460795, *2 (E.D.Pa., Nov. 9, 1993), *reconsideration denied*, 1993 WL 532963 (E.D.Pa.1993). Thus, the applicable statute of limitation is one year as found in § 13–80–103(1)(d):

> (1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within one year after the cause of action accrues, and not thereafter:

> . . . . .

> (d) All actions for any penalty or forfeiture of any penal statutes;

§ 13–80–103(1)(d), 6A C.R.S. (1987).

■ Colorado statutes which have been construed as "penal" have been those which create a distinct statutory cause of action. *Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 214 (Colo.1984). In addition, under Colorado law, a penal statute requires no proof of actual damages as a condition precedent to recovery. *Id.* In this action, Damon has

asserted an independent claim for civil penalties under 29 U.S.C. § 1132(c) which authorizes a court, at its discretion, to award up to $100.00 per day for a plan administrator's failure to provide the information identified in 29 U.S.C. § 1024. Damon's claim is penal in nature in that it seeks a civil penalty irrespective of any actual damage. Moreover, Damon's claim is capable of independent viability in that a claim for the ERISA penalty is a separate cause of action pursuant to § 1132(a)(1)(A). Accordingly, I will apply the one year statute of limitations authorized by § 13–80–103(1)(d) to this action.

 Damon contends that the statute of limitations found in ERISA § 1113 applies to his claim for civil penalties. Section 1113 provides two limitations periods—six years and three years—which apply specifically to fiduciary violations of Part 4 of the Act. The Tenth Circuit has specifically held that the statute of limitations found in § 1113 is not applicable to an action brought pursuant to § 1132. *Wright v. Southwestern Bell Telephone Co.*, 925 F.2d 1288, 1290 (10th Cir. 1991). Other courts have likewise held § 1113 inapplicable to reporting and disclosure violations under ERISA. *Meyer v. Phillip Morris, Inc.*, 569 F.Supp. 1510, 1512 (E.D.Mo.1983); *Burud v. Acme Elec. Co., Inc.*, 591 F.Supp. 238, 250 (D.Alaska 1984). Accordingly, I conclude there is no merit to Damon's argument that his claim for civil penalties under ERISA § 1132(c) is governed by the statute of limitations found in § 1113.

 Damon further argues that the statute of limitations applicable to his claim accrued each of three times that he allegedly made a request to Unisys for a copy of the ERISA plan and medical records. First, Damon argues he made a written request in his letter dated June 17, 1989. Second, he argues he made an oral request for information in January 1990, and, finally, he argues he made an oral request during a discovery hearing in the state court action, 87 PR 657.

Section 1024(b)(4) requires that plan information be requested in writing. Hence, I conclude that only Damon's first request provides a basis for his § 1132(c) claim. *Cf. Tracey v. Heublein, Inc.*, 772 F.Supp. 726,

728 (D.Conn.1991) (failure to make written request for benefit information pursuant to § 1025(a) precluded recovery pursuant to § 1132(c)).

 The facts of this case demonstrate that Damon requested certain information from Unisys in a letter dated June 17, 1989, and such information was never received. Consequently, the applicable statute of limitations commenced 30 days after Damon's June 17, 1989 request, or July 17, 1989, and expired one year later, July 17, 1990. *See Starr v. JCI Data Processing, Inc.*, 767 F.Supp. 633, 639 (D.N.J.1991). Thus, Damon's § 1132(c) claim is time barred and I will grant summary judgment on this claim in favor of Unisys.

Accordingly, it is ORDERED that Unisys' motion for summary judgment on Damon's § 1132(c) claim is GRANTED, and this action is DISMISSED, costs to be awarded defendant.