**THAT** the petition for writ of mandamus is **DENIED without prejudice.**

James Allan **MIDDLETON, Jr.** and
Julie T. **Middleton, Plaintiffs,**

v.

The **RUSSELL GROUP, LTD.** (formerly **ADS, Inc.)** and **Brooke Licensing, Defendants.**

No. 2:95CV00630.

United States District Court,
M.D. North Carolina,
Greensboro Division.

April 12, 1996.

---

**6.** Other than the claim of delay, the Skinners do not suggest that the Territorial Court Judge has acted arbitrarily or improperly in handling their claim.

J. David James, Smith, Follin & James, Greensboro, NC, for Plaintiffs James Allan Middleton, Jr. and Julie T. Middleton.

Jack W. Floyd, Robert Vickers Shaver, Jr., Floyd, Allen and Jacobs, Greensboro, NC, for Defendants The Russell Group, Ltd., fka ADS, Inc., and Brooke Licensing.

## MEMORANDUM ORDER

SHARP, United States Magistrate Judge.

This matter comes before the court on the Rule 12(b) motion of Defendants The Russell Group, Ltd. and Brooke Licensing to dismiss this action on grounds that it was filed outside the applicable statute of limitations period.[1] The Middletons oppose the motion, and the court heard the oral argument of counsel on March 25, 1996. Upon careful review of the issue before it, the court determines that Defendants' statute of limitations defense is not well-taken and the motion to dismiss on that ground should be denied.

On August 28, 1995, the Middletons filed a complaint alleging that The Russell Group and Brooke Licensing have failed and refused to notify them of their right to elect continuation coverage for their health care benefits as required by the Comprehensive Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq.* The complaint alleges that as a result of this failure the Defendants are liable to each Plaintiff for up to $100.00 per day from and after August 31, 1992, the date James Middleton, Jr. was terminated from his employment with The Russell Group. The complaint is cast in a single cause of action pursuant to 29 U.S.C. § 1132(c)(1).

Twenty-nine United States Code Section 1132(c) is entitled, "Refusal to supply requested information; failure to comply with notice requirements; penalties," and provides in relevant part:

> Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 1166 of this title or section 1021(e)(1) of this title with respect to a participant or beneficiary, or (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

Under 29 U.S.C. § 1166(a)(4), a plan administrator must, within 30 days of the termination of employment of a covered employee, notify any qualified beneficiary of his or her COBRA rights.

■ There exists no federal statute of limitations regarding civil actions brought pursuant to 29 U.S.C. § 1132(c). Therefore, the court must look to state law for the most

---

1. The Defendants filed other motions as well. They requested dismissal of the complaint as to Defendant The Russell Group on grounds that The Russell Group was the employer of Plaintiff James Allan Middleton, Jr. and cannot be liable under the complaint since Plaintiffs' cause of action can lie only against a plan administrator. The court finds, however, that the allegations of the complaint are broad enough to include The Russell Group as a potentially liable entity under a theory that The Russell Group controlled or influenced the decisions of the plan administrator, Brooke Licensing. *See Law v. Ernst & Young,* 956 F.2d 364, 372–74 (1st Cir.1992). Defendants' motions to dismiss for failure to join a necessary party or to stay this action are addressed at the close of this opinion.

analogous statute of limitations. *Johnson v. State Mutual Life Assurance Company of America*, 942 F.2d 1260, 1261 (8th Cir.1991). The characterization of the plaintiff's claim for statute of limitations purposes is a question of federal law. *Id.*

In this action, Defendants contend that the most analogous state statute of limitations is the one-year limitation found in N.C.G.S. § 1–54(2), which applies to any action "upon a statute, for a penalty or forfeiture, where the action is given ... in whole or in part to the party aggrieved...." Plaintiffs disagree. They contend that the most analogous statute is the three-year limitation established by N.C.G.S. § 1–52(1) for breach of contract actions, or the three-year limitation created in N.C.G.S. § 1–52(2) for actions based on a liability created by state or federal statute when there is no limitation mentioned in the statute. The court and the parties have found no binding Fourth Circuit precedent on this issue.

The district courts that have entertained the issue of the most appropriate statute of limitations under 29 U.S.C. § 1132(c) have come to differing conclusions, some finding 29 U.S.C. § 1132(c) to be most analogous to a state claim for breach of contract, and others finding it most analogous to a state action for civil penalties pursuant to a penal statute. The court will review the reasoning of these several district courts.

Plaintiffs rely most heavily on *Abbott v. Drs. Ridgik, Steinberg & Assoc., P.A.*, 609 F.Supp. 1216 (D.N.J.1985). In *Abbott*, the district court faced the question of whether the appropriate statute of limitations for a § 1132(c) claim was the New Jersey contract limitations period or the limitations period for a civil action brought on a penal statute. The court expressed the opinion that simple characterization of § 1132(c) as a "penalty" was insufficient to an examination of the underlying nature of the federal claim. It found the nature of the claim to be "completely discretionary" because the court may determine the amount of the *per diem* award at any amount between $0 and $100; the award does not merely punish, but also compensates for the injury caused by delay. The court concluded that:

Section 1132(c) was intended to "compel compliance with the full disclosure principles ... embodied in ERISA." *Porcellini [v. Strassheim Printing Co., Inc.]*, 578 F.Supp. [605] at 614 [ (E.D.Pa.1983) ]. Thus, although monetary, the § 1132(c) award, when viewed as a means of compelling compliance with the larger remedial scheme of ERISA, is easily distinguished from a fine or even an award of compensatory damages, which are ends in themselves. This distinction may be considered when attempting to ascertain the conditions under which an § 1132(c) award should be available. *Cf. Hutto v. Finney*, 437 U.S. 678, 689–92, 98 S.Ct. 2565, 2572–74, 57 L.Ed.2d 522 (1978) (Eleventh Amendment prohibition of damages does not extend to attorneys' fees which are incidental to prospective relief). When viewed as an enforcement provision incidental to the ERISA remedial scheme, it seems unwise to make § 1132(c) unavailable after only two years.

609 F.Supp. at 1219–20. The court also reasoned that it would be incongruous to allow a lawsuit seeking to compel a benefit distribution to be filed at any time during the six-year New Jersey contract limitations period, while restricting a claim pursuant to § 1132(c) to the two-year period for a claim brought upon a penal statute.

In *United Food & Commercial Workers Local 204 v. Harris–Teeter*, 716 F.Supp. 1551 (W.D.N.C.1989), the plaintiffs sought to recover an award pursuant to § 1132(c) due to the defendant's failure to provide certain information about a health care plan as required by federal law. Plaintiffs also brought suit pursuant to 29 U.S.C. § 1132(a)(3) to recover benefits due under the plan and pursuant to § 1113 for breach of fiduciary duty. The court concluded that ("[w]hile the matter is not free from doubt") the § 1132(a)(3) claim for recovery of benefits was most analogous to a claim for breach of contract, and therefore the three-year limitations period under N.C.G.S. § 1–52(1) should apply. 716 F.Supp. at 1560. With respect to the § 1132(c) claim, the court said simply, "[t]his sort of claim is also most analogous to a breach of contract claim ..."

*Id.* The court noted that N.C.G.S. § 1–52(2), which provides a three-year limitations period for actions based upon a liability created by statute, state or federal, when there is no time mentioned in such statute, served as an alternate basis for its decision that a three-year limitations period should apply.

Other courts have chosen not to follow *Abbott* and *United Food.* In *Glavor v. Shearson Lehman Hutton*, 879 F.Supp. 1028 (N.D.Cal.1994), the district court held, without discussion of the cases described above, that § 1132(c) is clearly punitive in nature and is not intended to compensate a plan participant for injuries suffered because of an administrator's failure to provide information. Therefore, the *Glavor* court found that the most analogous cause of action under California law was an action upon a statute for a penalty or forfeiture, which was governed by a one-year statute of limitations.

The facts and circumstances before the district court in *Damon v. Unisys Corporation*, 841 F.Supp. 1094 (D.Col.1994), were similar to those in the case at bar. In *Damon*, the plaintiff had already sued in state court and recovered benefits due under a plan governed by ERISA. The plaintiff then sued in federal court seeking an award under § 1132(c) for the defendant's failure to provide information required by federal law. Here, as in *Damon*, the Middletons have already sued the defendants (and Life Insurance Company of Georgia) in the North Carolina courts. In the trial of the action, Plaintiffs won a judgment for $351,960.28 plus attorney's fees and interest. The judgment is now on appeal to the North Carolina Court of Appeals.

The district court in *Damon* concluded that "[t]he state law claim most analogous to a § 1132(c) civil penalty claim is an action for civil penalties pursuant to a penal statute." 841 F.Supp. at 1097. Therefore, the court applied the state one-year statute of limitations for actions "for any penalty or forfeiture of any penal statutes." *Id.* The *Damon* court noted that its reasoning conflicted with that of the district courts in *Abbott* and *United Food.* It remarked that the *United Food* court reached its decision without explanation. The *Damon* court reasoned that

*Abbott* was in error in characterizing the remedy under § 1132(c) as primarily compensatory rather than punitive. The court noted that many courts do not even require a showing of prejudice in order for a plaintiff to prevail in a § 1132(c) action, and therefore the *Abbott* court erred in emphasizing the compensatory aspect of the remedy. The court could not "see a clear analogy between a contract claim and a request for penalties pursuant to § 1132(c)." *Id.* The *Damon* court applied the one-year Colorado statute of limitations for actions for penalty or forfeiture under a penal statute. *See also Cohen v. Zarwin and Baum, P.C.*, 1993 WL 460795 (E.D.Pa.1993) (Pennsylvania claim most analogous to civil penalty provisions of 29 U.S.C. § 1132(c) is the Pennsylvania law providing that an action upon a statute for a civil penalty or forfeiture is subject to a two year statute of limitations).

As shown above, the federal district courts have disagreed on how to characterize 29 U.S.C. § 1132(c) for purposes of finding the most analogous state statute. The difficulties that are occasioned when Congress creates federal causes of action without reference to a specific statute of limitations are all too apparent in this case. Inconsistent results are reached by the courts. Moreover, even where the federal courts agree on the proper legal analysis, the ultimate outcome turns on what a particular state has established as a statute of limitations. Therefore, it is inevitable that civil actions under the same federal statute will be covered by differing statutes of limitations depending upon what state happens to be the situs of the dispute. This unfortunate circumstance has been cured, prospectively, by the 1990 enactment of 28 U.S.C. § 1658. That statute provides that a civil action created by Congress after the enactment of § 1658 shall have a four year statute of limitations if no other limitations period is set. Nonetheless, § 1658 does not provide a limitations period in this case since 29 U.S.C. § 1132(c) predates the enactment of § 1658.

What is the answer to the question the parties pose for a court sitting in North Carolina? The Western District of North Carolina held in *United Food* that a three-

year limitations period is applicable to § 1132(c) actions in North Carolina. This court agrees. It is not clear that the *Abbott* court has the better of its argument with the *Damon* court concerning the "compensatory" as opposed to the "punitive" nature of the § 1132(c) remedy. In truth, the statute partakes of both compensatory and punitive elements. The *per diem* fine of up to $100 looks very much like a punitive fine, but the broader context is that courts have complete discretion regarding the amount of the daily award, and have often looked to matters of prejudice and damage in seeking to compensate a plan participant for injury caused by delay in receiving notice of COBRA rights. Thus, neither North Carolina's contract action nor its civil action for enforcement of a penalty provides a fully satisfactory analogue to the cause of action created in § 1132(c).

Fortunately, as held (in the alternative) in *United Food*, North Carolina has a specific statute that has application in this situation. N.C.G.S. § 1–52(2) provides for a three-year limitations period for an action "[u]pon a liability created by statute, either state or federal, unless some other time is mentioned in the statute creating it." *Cf. Shook v. Gaston County Bd. of Educ.*, 882 F.2d 119, 121 (4th Cir.1989) (N.C.G.S. § 1–52(2) is the borrowed state statute of limitations for a suit for reimbursement under the federal Education of the Handicapped Act, 20 U.S.C. § 1400 *et seq.*); *Kornegay v. Burlington Industries, Inc.*, No. 84–1504, 1986 WL 17877 (4th Cir.1986) (N.C.G.S. § 1–52(2) is the borrowed limitations statute for claim of racial discrimination under 42 U.S.C. § 1981); *Theard v. Glaxo, Inc.*, 47 F.3d 676, 678 (4th Cir.1995) (same). In this case, Plaintiffs' cause of action under 29 U.S.C. § 1132(c) is an action based upon a liability created by federal statute, and there is no time limitation mentioned in the statute. The broad description contained in N.C.G.S. § 1–52(2) clearly encompasses Plaintiffs' § 1132(c) action, and there is no closer analogue to be found under state law in view of the mixed nature of the federal action. In North Carolina, the state cause of action most analogous to 29 U.S.C. § 1132(c) is, simply stated, an action based upon a liability created by state statute where there is no time mentioned in the statute. And the statute of limitations applicable to such a cause is three years. Accordingly, this court holds that the statute of limitations applicable to Plaintiffs' § 1132(c) claim is three years in accordance with N.C.G.S. § 1–52(2).

■ Plaintiffs' complaint was filed within the three-year period following James Middleton's termination by The Russell Group. That termination was the "qualifying event" that may have given rise to any duty of the Defendants to give notice to the Plaintiffs. Under these undisputed facts, Defendants' statute of limitations defense fails.

Defendants also argue that this action should be dismissed for failure to join Life Insurance Company of Georgia, said to be a necessary party under Fed.R.Civ.P. 19. At this time, the court is not persuaded that the insurance company is necessary to a just adjudication of the issues before the court. If, as trial approaches, it appears that issues for trial will require the presence of Life Insurance Company of Georgia, the court will grant leave for service upon that party.

Finally, Defendants ask that this action be stayed pending the outcome of the appeal of the state court action between the parties. The court finds no reason to formally stay these proceedings. Discovery should proceed in accordance with the initial pretrial order. Nonetheless, the timing of trial or determination of this action may, in the interests of judicial economy, be affected by the progress of the state court proceedings. Thirty (30) days after the close of discovery the parties shall file a status report regarding the state action.

## CONCLUSION

For reasons set forth above, **IT IS ORDERED** that Defendant The Russell Group's motion to dismiss pursuant to Rule 12(b)(6) is **DENIED,** Defendants' motion to dismiss on the basis of their statute of limitations defense is **DENIED,** Defendants' motion to dismiss for failure to join a necessary party is **DENIED** at this time, and Defendants' motion for a formal stay is **DENIED,** although the court will review the progress of the state court action between the parties on

a regular basis, and the parties shall file a status report thirty (30) days after the close of discovery.