Doris A. WESLEY, Appellant,

v.

MONSANTO COMPANY, Appellee.

No. 83–1067.

United States Court of Appeals,
Eighth Circuit.

Submitted June 24, 1983.

Decided June 30, 1983.

P. Terence Crebs, Arthur L. Smith, Richard J. Pautler, St. Louis, Mo., for appellee Monsanto Co.

Charles D. Sindel, Clayton, Mo., for appellant.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Doris Wesley appeals from a judgment entered in favor of the defendant-appellee Monsanto Co. on her claims under the Employment Retirement Income Security Act (ERISA). Because we believe the district court's[1] findings of fact were not clearly erroneous, we affirm. 554 F.Supp. 93 (D.C. 1982).

Wesley was employed by Monsanto as a telecommunications clerk from November 1977 to April 1981. Her duties included

---

1. The Honorable John K. Regan, United States Senior District Judge for the Eastern District of Missouri.

delivering messages from building to building. In October 1980, Wesley began having chest pains. In November she was hospitalized and diagnosed as having mitral valve prolapse. Her doctor authorized her to return to work, but recommended that the physical load of her job be lightened. Monsanto complied, and her delivery duties were cut in half. However, in December she took medical leave, complaining that the chest pain made her unable to work.

Monsanto has a disability plan under which it provides for disabled employees. Under this plan, which is subject to the requirements of ERISA, 29 U.S.C. § 1132, a disabled employee may receive up to 30 days' paid leave without substantial medical verification. After 30 days, a claim must be filed and proof of disability is required. Wesley did not file a written claim, but she continued to receive full pay.

After the thirty-day mark passed, Monsanto began investigating Wesley's claims. In response to Monsanto's requests for information, Wesley's doctors stated merely that her workload should be lightened and did not answer specific queries from Monsanto about the degree to which she was disabled. In April 1981, Monsanto requested that Wesley be examined by a company physician, Dr. Lynxwiler. Dr. Lynxwiler agreed that Wesley had mitral valve prolapse and that some restrictions on her workload should be maintained. He expressly found she was not totally disabled. After Dr. Lynxwiler's examination, one of Wesley's superiors spoke to her by telephone and informed her that she would have to come back to work or risk being fired; he also told her that Monsanto would honor the physical limits recommended by Dr. Lynxwiler. Wesley refused. Later another Monsanto officer spoke to Wesley, reiterated the earlier message, and urged Wesley to return to work. Wesley again refused. She thereafter received a letter firing her, and she has since received no benefits from Monsanto.

Wesley contends these factual findings are unsupported by the evidence. We disagree. While the evidence presented at trial was conflicting, there is evidence supporting the court's findings; they cannot be characterized as clearly erroneous. Fed.R. Civ.P. 52.

Wesley claims that Monsanto acted arbitrarily and capriciously in denying her disability benefits. Under ERISA, Monsanto is a trustee of a disability plan and has a duty to its employees to act fairly. The district court found that there was no evidence of total disability and that Monsanto acted reasonably in terminating Wesley's benefits.[2] These factual conclusions, based on the court's findings of fact, are not clearly erroneous.

Wesley next contends that she should be awarded damages under 29 U.S.C. § 1132(c) for Monsanto's refusal to provide her with a copy of the disability plan on her request as required by ERISA. The district court found that Wesley had not requested that document, but rather had requested copies of Monsanto's "insurance policy" and "medical benefits plan." The district court further noted that at the beginning of her employment, Wesley had been provided with a summary of Monsanto's benefits plans and that this summary provided Wesley with the basic information she needed on how to apply for benefits and where to request a copy of the full disability plan. The court then held that because Wesley had not requested a copy of the plan, she could not recover damages for Monsanto's failure to provide a copy. These factual findings are not clearly erroneous. Further, an award of damages under § 1132(c) is in the district court's discretion, and we find no abuse of that discretion here.

The findings of fact made by the district court are not clearly erroneous, and there is no mistaken application of the law. We

---

2. "A reviewing court generally will intervene in the administration of a pension plan only where the [plan administrator's] action is arbitrary, capricious, or an abuse of discretion." *Quinn v. Burlington Northern Inc. Pension Plan,* 664 F.2d 675, 678 (8th Cir.1981), *cert. denied,* 456 U.S. 928, 102 S.Ct. 1976, 72 L.Ed.2d 444 (1982).

therefore affirm on the basis of the district court's opinion. 8th Cir.R. 14.