895 F.2d 1073
 15 Fed.R.Serv.3d 1484, 12 Employee Benefits Ca 1044
 Bertice D. FISHER, Plaintiff-Appellant,
v.
METROPOLITAN LIFE INSURANCE COMPANY, A Corporation, and
Ingalls Shipbuilding Division, Litton Systems,
Inc. and Litton Industries, Inc.,
Defendants-Appellees.
 No. 89-4365
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 March 9, 1990.
 C.R. McRae, Margaret P. Ellis, Pascagoula, Miss., Lawrence E. Abernathy, III, Laurel, Miss., for plaintiff-appellant.
 Frederick B. Feeney, II, Richard P. Salloum, Gulfport, Miss., James M. Lenaghan, William J. Toppeta, New York City, for Metropolitan Life.
 Karl Wisenburg, William F. Jordan, Pascagoula, Miss., for Ingalls and Litton.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.
 POLITZ, Circuit Judge:
 
 
 1
 Following dismissal of his amended complaint on grounds of ERISA preemption the district court granted Bertice Fisher leave to file a second amended complaint stating claims arising under ERISA. The court then dismissed Fisher's second amended complaint in part for failure to name the Plan administrator as an indispensable party and in part on summary judgment. Finding no error warranting reversal, we affirm.Background
 
 
 2
 On January 1, 1978, Litton Industries, Inc. established its Employees' Long Term Disability Plan (the Plan) to provide monthly disability benefits to its employees and those of its participating divisions and subsidiaries. Litton and the Chase Manhattan Bank entered into an Agreement and Declaration of Trust under which Chase Manhattan serves as trustee of the Litton Industries, Inc. Employees Long Term Disability Trust which funds Plan benefits. The Plan administrator and the finance manager are named fiduciaries of the Plan. The Plan subsequently entered into an agreement with the Metropolitan Life Insurance Company under which the Plan administrator delegated to Metropolitan the responsibility for plan administration and actuarial calculations, and the evaluation, approval, calculation, and payment of employee claims.
 
 
 3
 The Plan description provides that an employee's monthly benefit is reduced by designated forms of "other income," including any disability benefits paid to the employee and his dependents by the Social Security Administration. This offset is limited to assure employees a minimum monthly benefit of $25. The Plan also authorizes the Plan administrator to correct any errors made in benefit payouts in "whatever manner he determines is consistent with his responsibilities in administering the Plan."
 
 
 4
 Bertice Fisher was an employee of Ingalls Shipbuilding, a Litton division that participates in the Plan. Following surgery to remove one eye that left him legally blind Fisher filed a claim for disability benefits which Metropolitan approved on April 13, 1978. Metropolitan informed Fisher that his $921 monthly benefit would be reduced by the Social Security awards paid to him and his dependents. Fisher submitted his and his spouse's award certificates showing that they received $722.30 monthly from Social Security. Metropolitan began to pay Fisher $198.70 in monthly benefits. Subsequently determining that Fisher's two children were also receiving Social Security disability benefits, Metropolitan requested their certificates which showed payments to each of $144.40 monthly. When he sent in his children's award certificates Fisher appended a handwritten note asking Metropolitan to provide him with the "policies covering my contract for salary continuation."
 
 
 5
 Upon receipt of the children's certificates Metropolitan reduced Fisher's monthly payment to the guaranteed $25 minimum. Computing that it had overpaid Fisher $1,339.60 Metropolitan requested reimbursement. Not receiving a timely reply, Metropolitan notified Fisher that it would credit the $25 monthly payment until the overpayment was recovered. Metropolitan responded to Fisher's request for "policies" by referring him to his former employer. The overpayment was recouped by June 1984 at which time Metropolitan resumed the $25 per month payments.
 
 
 6
 On April 5, 1984, Fisher filed suit in Mississippi state court against Metropolitan, Ingalls, and Litton, alleging breach of his "insurance" contract and seeking a declaration of his rights under the "group insurance policy," and compensatory and punitive damages. Litton and Ingalls moved to dismiss Fisher's claim on the grounds that his causes of action were preempted by section 502 of ERISA and that Thomas Holgate, the Plan administrator, was an indispensable party. Metropolitan sought dismissal on those grounds, adding that Fisher had failed to exhaust his remedies under the Plan. When Fisher failed to respond to these motions the state trial court dismissed his case for failure to prosecute.
 
 
 7
 On Fisher's motion the state court reinstated his suit but placed it on the inactive docket pending the Supreme Court's decision in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Following the Court's decisions in Pilot Life and Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), Litton, Ingalls, and Metropolitan moved to dismiss Fisher's case as stating claims preempted by ERISA. The state court dismissed Fisher's suit and gave him 30 days in which to amend his complaint. Fisher's amended complaint alleged causes of action relating to "fraudulent" reduction of his "group insurance" benefits by the amount of Social Security he received and wrongful recovery of Metropolitan's overpayment in violation of Mississippi and/or California law. He sought $1.2 million in compensatory and $10 million in punitive damages. The defendants removed to federal court on the grounds that Fisher's amended complaint again asserted causes of action governed by ERISA.
 
 
 8
 Metropolitan moved for summary judgment on the grounds that ERISA preempted Fisher's causes of action, did not permit extracontractual or punitive damages, and did not entitle Fisher to a jury trial. Fisher contested the applicability of ERISA and moved to remand his case to state court. The district court denied Fisher's motion to remand and granted Metropolitan's motion for summary judgment on preemption grounds, but allowed Fisher to amend his amended complaint to state any claims arising under ERISA.
 
 
 9
 Fisher filed his second amended complaint, incorporating his two prior complaints. He also alleged that the defendants had committed fraud by modifying a prior existing plan, that Metropolitan had failed to provide him with a copy of the Plan in violation of 29 U.S.C. Sec. 1024(b)(4), and that he was entitled to attorneys' fees and such other equitable relief as the court saw fit arising out of defendants' infliction of emotional distress. After answering the complaint Litton and Ingalls moved to dismiss or, in the alternative, for summary judgment. Fisher moved to stay their motion under Fed.R.Civ.P. 56(f) to enable him to discover whether Holgate, as Plan administrator, was an indispensable party. Finding Holgate to be an indispensable party and that Fisher had submitted no evidence to support the allegations in his complaint, the district court denied his motion for further discovery and granted Litton's and Ingall's alternative motions to dismiss and for summary judgment. The court granted Metropolitan similar relief. Fisher timely appealed.
 
 Analysis
 
 10
 1. Litton, Ingalls, and Metropolitan as Fiduciaries
 
 
 11
 Fisher first contends that the district court's determination that Litton, Ingalls, and Metropolitan were not fiduciaries of the Plan and that Fisher's causes of action could not, therefore, be asserted against them was in error. Emphasizing ERISA's functional approach to imposing fiduciary obligations, Fisher argues that all appellees are Plan fiduciaries. Assuming, arguendo, that this assertion is correct, such does not present reversible error.
 
 
 12
 ERISA's definition of "fiduciary" is functional in nature, imposing the duties that accompany that status upon any person who "exercises any discretionary authority or discretionary control respecting management of [a] plan or exercises any authority or control respecting management or disposition of its assets ... [or] has any discretionary authority or discretionary responsibility in the administration of such [a] plan." 29 U.S.C. Secs. 1002(21)(A)(i), 1002(21)(A)(iii). See Firestone Tire & Rubber Co. v. Bruch, --- U.S. ----, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Fiduciary duties extend to any person to whom a named fiduciary delegates fiduciary responsibilities pursuant to 29 U.S.C. Sec. 1105(c)(1)(B). 29 U.S.C. Sec. 1002(21)(A). Fisher contends that Litton's reserved right under the Plan to alter its terms and to terminate it, and Metropolitan's delegated discretion to determine who will receive benefits and in what amount, make both entities fiduciaries under ERISA.
 
 
 13
 Whether Metropolitan, Litton, and Ingalls may be regarded as ERISA fiduciaries, however, need not be resolved because of the district court's alternative finding that summary judgment was appropriate on the merits of Fisher's charges that the Litton Plan had fraudulently modified a prior existing plan and that the Litton Plan's integration provision was illegal.[1] Fisher does not contest this portion of the court's order. This alternative finding that there was no genuine issue of material fact as to whether a breach of fiduciary duty had occurred and that the appellees were entitled to judgment as a matter of law, makes it unnecessary for us to reach the issue of appellees' fiduciary status.
 
 2. Section 1132(c) Penalties
 
 14
 Fisher asserts that the district court erred in refusing to penalize Metropolitan for its failure to provide him with a copy of the Plan description. ERISA imposes an obligation upon the Plan administrator to,
 
 
 15
 upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, plan description ... or other instruments under which the plan is established or operated.
 
 
 16
 29 U.S.C. Sec. 1024(b)(4). Any administrator who fails or refuses to comply with such a request may, within the court's discretion, be held personally liable to the requesting party for up to $100 for each day after the date of refusal. 29 U.S.C. Sec. 1132(c). Although conceding that Metropolitan was not the named "Plan administrator," Fisher contends that because Metropolitan had been delegated responsibility for evaluating and administering claims it took on the obligation to provide him with a copy of the Plan when he requested it.
 
 
 17
 Fisher's argument that Metropolitan should be regarded as a de facto plan administrator has intuitive appeal. ERISA defines "plan administrator" in the first instance as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. Sec. 1002(16)(A)(i). The Plan contemplated delegation of the named Plan administrator's responsibilities, thus arguably incorporating the Administrative Services Agreement between Litton and Metropolitan as a further delineation of how the Plan would in fact operate. Despite Metropolitan's assertion that it "merely provides administrative services to the Plan," its agreement with Litton indicates that it was delegated a wide range of responsibility. The centrality of Metropolitan's role is confirmed by the summary plan description provided all employees which states that "The Plan Administrator has delegated Metropolitan Life Insurance Company as its agent to administer the Plan and to process all claims and appeals procedures and other administrative services [emphasis added]."
 
 
 18
 However, we need not and do not resolve the question of whether Metropolitan may be regarded as the Plan administrator for these purposes, because we conclude that in any event the district court did not abuse its discretion in refusing to award Fisher penalties pursuant to section 1132(c). As a penalty provision section 1132(c) must be strictly construed. See Ivan Allen Co. v. United States, 422 U.S. 617, 626-27, 95 S.Ct. 2501, 2506-07, 45 L.Ed.2d 435 (1975). What Fisher now denominates a "written request" for a copy of the Plan description was nothing more than a scribbled note at the bottom of a Social Security award certificate requesting, not Plan documents, but rather "a copy of the policies covering my contract for salary continuation." To this request, Metropolitan responded that Fisher could obtain "a copy of the policies covering your contract" from his prior employer. Nothing in either the request or the response indicates that Metropolitan knew or should have known that Fisher had requested a copy of any document relating to the Litton Plan. Under these circumstances, albeit for different reasons, we affirm the decision of the district court as within its discretion. See Wesley v. Monsanto Co., 554 F.Supp. 93 (E.D.Mo.1982), aff'd, 710 F.2d 490 (8th Cir.1983).3. Proper Calculation of Benefits
 
 
 19
 Fisher argues that the benefits he receives have been improperly calculated, that Metropolitan violated the terms of the Plan when it withheld the guaranteed monthly minimum in order to recoup the $1,339.60. As the district court correctly noted, this claim was not raised in Fisher's second amended complaint but, rather, was raised in his response to the defendants' motions for summary judgment and, as such, was not properly before the court. Nonetheless, the district court concluded that Fisher's claim, even if properly pled, had no merit.[2] We agree.[3]
 
 
 20
 4. Fisher's Motions to Conduct Further Discovery and Amend his Complaint Prior to Summary Judgment
 
 
 21
 Finally, Fisher contends that the district court abused its discretion in denying his motion to stay the appellees' motion for summary judgment pursuant to Fed.R.Civ.P. 56(f) to enable him to discover whether Thomas Holgate was the named Plan administrator and, if so, to file a third amended complaint adding Holgate as a party pursuant to Fed.R.Civ.P. 15(a). It is the established law of this circuit that a plaintiff's entitlement to discovery prior to a ruling on a summary judgment motion may be cut off when, within the trial court's discretion, the record indicates that further discovery will not likely produce facts necessary to defeat the motion. See, e.g., Paul Kadair, Inc. v. Sony Corp. of America, 694 F.2d 1017 (5th Cir.1983). Similarly, although leave to amend pursuant to Fed.R.Civ.P. 15(a) is to be "freely given when justice so requires," a district court's disposition of such a motion is also reviewed under the abuse of discretion standard. See McLean v. International Harvester Co., 817 F.2d 1214 (5th Cir.1987). Further discovery would not have provided Fisher with new information. The record reflects that in 1984 Litton and Ingalls submitted the affidavit of Holgate in which he expressly stated that he was the Plan administrator. Furthermore, even if the district court had granted Fisher leave to amend his complaint again, such would not have altered our reasoning on the other issues as detailed above. We do not agree with Fisher's contention that the trial court abused its discretion in this regard and its judgment is AFFIRMED.
 
 
 
 [1]
 The district court found that summary judgment was appropriate on Fisher's fraudulent modification claims because he had failed to produce a copy of the alleged prior existing plan, the existence of which the defendants had repeatedly denied. As to the legality of the integration provision, the district court noted that the Supreme Court had upheld the validity of such provisions, which Congress had specifically approved in enacting ERISA, in Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 514-15, 101 S.Ct. 1895, 1901-02, 68 L.Ed.2d 402 (1981)
 
 
 [2]
 The district court noted that the $25 minimum benefit applied only to reducing benefits to account for "other income," whereas a different portion of the Plan description vested the Plan administrator with authority to correct erroneous benefit payments in "whatever manner he determines is consistent with his responsibilities to the Plan."
 
 
 [3]
 In response to the defendants' motions for summary judgment, and again on appeal, Fisher argues that Metropolitan breached its duty by failing to increase his monthly Plan benefit following a decrease in his Social Security benefits because of his divorce and the fact that one of his children reached maturity. This argument likewise is not properly before this court; it was not raised in his second amended complaint. Further, in a January 11, 1980 letter to Fisher, Metropolitan requested information of any change in the Social Security benefits so that it might recalculate his Plan benefit. Fisher submitted no evidence that he notified Metropolitan as requested or exercised his rights under the Plan's claims procedure