Evonne T. BOONE, E.T. Boone, Inc., a corporation, Plaintiffs–Appellees,

v.

LEAVENWORTH ANESTHESIA, INC., a corporation; Leavenworth Anesthesia, P.A., a professional corporation, Defendants–Appellants.

and

Kenneth Dean Moburg, Jr., in his individual capacity and as a shareholder, director and fiduciary of Leavenworth Anesthesia, Inc. and Leavenworth Anesthesia, P.A.; Donald Mitsdarfer, in his individual capacity and as a shareholder, director and fiduciary of Leavenworth Anesthesia, Inc. and Leavenworth Anesthesia, P.A.; Ed Walckner, in his individual capacity and as a shareholder, director and fiduciary of Leavenworth Anesthesia, Inc. and Leavenworth Anesthesia, P.A.; Jack Parsons, in his individual capacity and as a shareholder, director and fiduciary of Leavenworth Anesthesia, Inc. and Leavenworth Anesthesia, P.A.; William Caldwell, in his individual capacity and as a shareholder, director and fiduciary of Leavenworth Anesthesia, Inc. and Leavenworth Anesthesia, P.A. Defendants.

No. 92–3349.

United States Court of Appeals, Tenth Circuit.

April 6, 1994.

---

TACHA, Circuit Judge.

Defendants-appellants Leavenworth Anesthesia, Inc. ("LAI") and Leavenworth Anesthesia, P.A.[1] ("LAPA") challenge a district court order imposing a civil penalty under 29 U.S.C. § 1132(c) for their failure to provide information requested by Evonne T. Boone and her professional corporation pursuant to 29 U.S.C. § 1025(a). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

Boone filed suit in federal district court alleging that LAI and its President, Kenneth D. Moburg, Jr., violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, with respect to the defendants' management of LAI's employee profit-sharing plan. Finding that Boone made a sufficient written request for an accounting of her accrued pension benefits, the district court imposed a civil penalty of $46,300 on defendants for their failure to provide Boone with the requested information.

The defendants appeal asserting that Boone's request was insufficient to constitute a written request for an accounting and that therefore the imposition of a civil penalty was improper. Alternatively, defendants argue that, if a proper written request was made, the imposition of the penalty was an abuse of discretion because Boone failed to show she was prejudiced by the defendants' failure to provide the information.

## II. DISCUSSION

### A. Section 1025(a)

The defendants first challenge the district court's finding that a September 7, 1988 letter sent by Boone's attorney to LAI's attorneys constituted a written request under § 1025(a).[2] Findings of fact made by the

---

Jeffrey E. Goering (Jeffrey L. Baxter, of Chapman, Waters & Baxter, of Leavenworth, KS, with him on the briefs), of Chapman, Waters & Baxter, of Leavenworth, KS, for defendants-appellants.

Ruth M. Benien, of Benien & Kaplan, Kansas City, KS, for plaintiffs-appellees.

Before TACHA and BALDOCK, Circuit Judges, and CARRIGAN, District Judge.[*]

* The Honorable Jim R. Carrigan, District Judge for the United States District Court for the District of Colorado, sitting by designation.

1. LAPA is the successor to LAI.

2. Defendants also assert that the September 7, 1988 letter was not a written request pursuant to § 1025(a) because it was sent to LAI's counsel and not to the plan administrator, LAI. However, LAI's counsel initiated the pension and profit sharing plan, handled the business of the plan and was the legal representative of LAI. LAI's president testified, "[b]usiness having to do with the profit sharing plan was handled by the law firm." While the letter was not addressed to LAI as plan administrator, the heading of the letter

district court will not be disturbed on appeal unless clearly erroneous. *Wesley v. Monsanto Co.*, 710 F.2d 490, 491 (8th Cir.1983). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *Stegall v. Little Johnson Assocs., Ltd.*, 996 F.2d 1043, 1048 (10th Cir.1993).

■ Section 1025(a) provides:

Each administrator of an employee pension benefit plan shall furnish to any plan participant or beneficiary who so requests in writing, a statement indicating, on the basis of the latest available information—

(1) the total benefits accrued, and

(2) the nonforfeitable pension benefits, if any, which have accrued, or the earliest date on which benefits will become nonforfeitable.

Under this section, a plan beneficiary must make a request in writing for the information described in the statute. *Tracey v. Heublein, Inc.*, 772 F.Supp. 726, 727 (D.Conn. 1991). A written request is required to provide reliable evidence that a request for the information described in the statute has been made. *Id.* at 728.

In *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir.1990), the Fifth Circuit found that a scribbled note at the bottom of a Social Security award certificate requesting a copy of certain policies was not a sufficient written request pursuant to 29 U.S.C. § 1024(b)(4).[3] The court noted that "[n]othing in ... the request or [the employer's] response [to the request] indicates that [the employer] knew or should have known that [the employee] had requested" plan documents pursuant to the statute. *Fisher*, 895 F.2d at 1077.

Here, the September 7, 1988 letter provides in pertinent part:

Ms. Boone has requested of Moburg, but has been refused, all accountings concerning Leavenworth Anesthesia, Inc. as to income, expenses, assets, and liablities [sic]. In March of this year, she was literally locked out of the Leavenworth Anesthesia offices, when the locks were changed by Moburg. Ms. Boone is entitled to earnings, which have not yet been paid. Moburg cancelled her health insurance prior to the termination of her employment with no notice to her. Moburg has refused to discuss with Ms. Boone the status of her pension/profit sharing plan and has never given her any accountings concerning cash distributions into or out of the pension/profit sharing plan.

. . . .

... Her primary interest at this time is to receive a full and accurate accounting as to the income, expenses, assets, and liabilities of Leavenworth Anesthesia, and then to receive an appropriate offer to purchase her interest in this corporation from the remaining shareholders.

Boone's letter indicated that she had never received an accounting of her pension and profit sharing benefits and that she was requesting "at this time a full and accurate accounting as to the income, expenses, assets and liabilities of Leavenworth Anesthesia." Moreover, Moburg was shown a copy of the September 7 letter and he understood it was a request made in regard to the pension and

referenced LAI President Moburg and he was shown a copy of the letter by LAI's counsel. Moreover, Moburg admitted that he knew the letter was a request by Boone for an itemization of the values in the plan. A letter may be a sufficient written request even if not sent directly to the plan administrator. *See McKinsey v. Sentry Ins.*, 986 F.2d 401, 404–05 (10th Cir.1993) (actions of other employees may be imputed to plan administrator); *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir.1990); *Conowall v. Administrative Comm. For Gen. Instrument Corp. Pension Plan*, Civ. A. No. 87–7976, 1989 WL 79800, at *2–3 (E.D.Pa. July 7,

1989) (finding that proper request need not be mailed directly to plan administrator); *Porcellini v. Strassheim Printing Co.*, 578 F.Supp. 605, 611 n. 1 (E.D.Pa.1983) (same). Thus, we reject defendants' argument that the letter was not a written request because it was not sent directly to the plan administrator.

**3.** Section 1024(b)(4), like section 1025(a), requires the plan administrator to furnish certain plan documents "upon written request of any participant or beneficiary". 29 U.S.C. § 1024(b)(4).

profit sharing plan.[4] Although this letter could have been more artfully drafted, viewing the letter in its entirety and considering Moburg's understanding that a request was being made for an itemization showing the values in the plan, we hold that it was not clearly erroneous for the district court to determine the letter constituted a sufficient written request pursuant to § 1025(a).

### B. Section 1132(c)

Section 1132(c) provides:

> Any administrator ... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the ... participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal....

29 U.S.C. § 1132(c). The imposition of penalties is committed by statute to the discretion of the trial court and we will not overturn the court's determinations absent an abuse of discretion. *Fisher,* 895 F.2d at 1077; *Wesley,* 710 F.2d at 491.

Because we find that a proper written request was made pursuant to § 1025(a), we hold the district court did not abuse its discretion by imposing a $50 per day penalty.

Defendants nevertheless contend that the district court abused its discretion in imposing the penalty because Boone did not show that she was prejudiced by defendants' failure to provide the requested information. However, a showing of prejudice is not required before a court may impose a penalty pursuant to § 1132(c). *Sage v. Automation, Inc. Pension Plan & Trust,* 845 F.2d 885, 894 n. 4 (10th Cir.1988).

### III. CONCLUSION

The district court's finding that the September 7, 1988 letter was a sufficient "written request" pursuant to § 1025(a) is not clearly erroneous. The district court did not abuse its discretion in imposing a § 1132(c) penalty. AFFIRMED.

---

4. On cross-examination Moburg was asked by plaintiff's counsel:

> My question was, but you understood as a representative of Leavenworth Anesthesia, Inc. the president, person that was in charge to be contacted, whatever, that there was a request being made for money to be paid out of that plan. Or an itemization showing the values in that plan, correct?

Moburg answered: "There were many demands and I believe that was one, yes."