**Robert H. GLAVOR, Plaintiff,**

v.

**SHEARSON LEHMAN HUTTON, INC., Lehman Brothers, a division of Shearson Lehman Hutton, Inc., Equicor, Equicor—Equitable HCA Corporation, Equicor Equitable Service Corporation as Administrator, The Equitable Life Assurance Society of the United States, Equicor, Inc., Cigna Companies, Defendants.**

**No. C–93–1648 DLJ.**

United States District Court, N.D. California,

Dec. 6, 1994.

---

Thomas F. Doyle, San Francisco, CA, for plaintiff.

Ben R. Suter, Kelly J. Moynihan, with Keesal, Young & Logan, San Francisco, CA, for defendants, Smith Barney Shearson, Inc. and Lehman Bros.

Norman La Force of the law offices of F. Ross Adkins, San Francisco, CA, for Equicor defendants.

## ORDER

JENSEN, District Judge.

This is an action by plaintiff alleging ERISA violations. By Order dated August 12, 1994, the Court denied plaintiff's motion for reconsideration of the Court's April 8, 1994 Order, rejecting plaintiff's argument that the ERISA plan recognized by the Court is invalid. The Court further dismissed plaintiff's action against defendant Equicor, Inc. and the Equitable Life Assurance Society of the United States. On the four remaining causes of action, the parties' motions for summary judgment were deferred pending submission of briefs exclusively directed at the following issues: statute of limitations and assessment of statutory penalties under 29 U.S.C. § 1132(c). The briefs by plaintiff and defendant Smith Barney Shearson, Inc. were timely filed. The parties' motions for summary judgment are properly before the Court. Plaintiff also filed a motion to reconsider the August 12, 1994 Order and the April 8, 1994 Order. Plaintiff's motion was heard on October 12, 1994. Upon consideration of the submissions, the Court DENIES plaintiff's motion for reconsideration and GRANTS summary judgment in favor of defendant Smith Barney Shearson, Inc.

### I. BACKGROUND

Plaintiff Robert Glavor was employed from 1977 to April 1, 1988 by defendant Lehman Brothers, a division of Shearson Lehman Hutton, Inc., now Smith Barney Shearson, Inc. ("Shearson"). Prior to 1988, Shearson obtained long-term disability coverage for plaintiff with INA Life Insurance Company of New York. The INA plan provided payments for mental and nervous disabilities in the amount of $10,000 per month until plaintiff's 65th birthday if the disability occurred before age sixty.

The INA policy coverage expired March 31, 1988, and Shearson obtained long-term disability coverage through Equicor, Inc. and the Equitable Life Assurance Society of the United States ("Equicor"), effective April 1, 1988. Under the Equicor policy, long-term disability payments for mental and nervous disabilities are subject to a maximum four-year benefit period. In those four years, the Equicor plan provides payments of $15,000 per month.

Plaintiff contends that the only notification he received prior to April 1, 1988 regarding a change in coverage was a pamphlet titled "1988 Group Health and Insurance Program Enhancements," which informed him that the new plan would increase his maximum monthly disability benefits to $15,000, but did not mention the four-year limit on benefits for mental and nervous disabilities. However, defendant Shearson asserts that, prior to April 1, 1988, it distributed to its employees a booklet entitled "Shearson Lehman Brothers Inc. 1988 Employee Benefits Program Highlights" which clearly set forth the four-year limitation on mental and nervous disabilities.

Plaintiff claims that he became disabled on April 1, 1988. On April 29, 1988, he filed a claim for long-term disability benefits, indicating that his disability was caused by hypertension, stress, and depression. Plaintiff alleges that shortly thereafter he orally requested a copy of his policy from Shearson, and subsequently wrote Shearson two letters, dated October 15, 1988 and December 12, 1988, requesting a copy of his long-term disability policy. He did not receive a copy of the policy. However, on December 20, 1988, Shearson told plaintiff by phone that his claim had been approved by Equicor, and that his disability check was being processed. In late December, plaintiff began receiving disability payments in the amount of $15,000 per month, calculated retroactively to October 1, 1988.

In January 1989, Equicor sent plaintiff a worksheet indicating that his benefit limit date was his 65th birthday in February 1996. The worksheet was inconsistent with the terms of the Equicor policy in effect as of April 1, 1988.

Plaintiff alleges that he sent a request for a copy of his policy to Equicor on April 17, 1989, but again received no response. Equicor and Shearson issued the policy underlying the Equicor plan on May 19, 1989.

On September 24, 1992, Equicor notified plaintiff that he would receive no further disability benefits after October 1, 1992. Plaintiff alleges that on October 12, 1992, he responded to Equicor's decision by renewing his request for a copy of his policy. A copy of the request was also sent to Shearson.

Plaintiff formally appealed Equicor's termination of his benefits, and Equicor denied his appeal on November 24, 1992. On December 23, 1992, plaintiff's attorney requested in writing a copy of plaintiff's policy from CIGNA (Equicor). Equicor's letter in response suggested that he contact Shearson. On February 1, 1993, plaintiff's attorney requested a copy of the policy from Shearson. Plaintiff finally received a copy of the policy on June 23, 1993.

Plaintiff filed suit on March 26, 1993 in state court and the federal court action was commenced on May 4, 1993. His first amended complaint alleged four causes of action. The first two causes of action alleged that defendants Shearson and Equicor violated 29 U.S.C. § 1132(c) of ERISA by failing to provide information requested by plaintiff, and that they failed to publish a summary plan description or modifications thereto as required by 29 U.S.C. § 1024(a)(1)(A). The third and fourth causes of action charged Equicor with estoppel and negligent misrepresentation based on the erroneous worksheet it mailed to plaintiff.

Both sides brought motions for summary judgment. During the Court's hearing of the summary judgment motions, plaintiff apparently realized that as of April 1, 1988, a policy and summary plan description of plaintiff's long-term disability benefits which became effective on that date did not yet exist. Plaintiff also realized that ERISA does not provide a remedy for failure to have such information available. At plaintiff's request, the Court deferred ruling on the summary judgment motions, dismissed plaintiff's first amended complaint, and ordered plaintiff to move for leave to file a second amended complaint.

Plaintiff's second amended complaint alleged that at the time of his disability, he was covered by a "de facto" or informal policy incorporating the coverage to age sixty-five provision of the INA policy that terminated on March 31, 1988 and the $15,000 per month provision of the "1988 Group Health and Insurance Program Enhancements" pamphlet. Plaintiff alleged that under the de facto policy, defendants violated 29 U.S.C. § 1132(a)(1)(B) of ERISA by failing to provide him benefits due. Plaintiff also added defendant Shearson to his claims of promissory and equitable estoppel.

In the April 8, 1994 Order, the Court found: (1) in light of the formal policy eventually adopted, no informal plan existed; (2) since neither Equicor nor Shearson made any promises, there were no claims of promissory estoppel; and (3) because the provisions of the plan eventually adopted were not ambiguous regarding the four-year limit, there were no claims of equitable estoppel. The Court therefore denied with prejudice plaintiff's motion to amend his claims regarding the de facto policy and the promissory and equitable estoppel claims, and granted plaintiff's motion to amend his claim under section 1132(c) regarding defendants' alleged failure to respond to requests for information. The Court also permitted defendants to respond to the amended complaint through supplemental briefs to their pending motions for summary judgment.

On April 22, 1994, plaintiff filed a third amended complaint alleging six causes of action under section 1132(c) corresponding to six written requests for information, dated October 15, 1988, December 12, 1988, April 17, 1989, October 12, 1992, December 23, 1992, and February 1, 1993. Plaintiff and defendant Shearson moved for summary judgment, defendant Equicor moved to dismiss or for summary judgment, and plaintiff made a motion to reconsider the Court's April 8, 1994 Order.

By Order dated August 12, 1994, the Court denied plaintiff's motion for reconsideration. The Court further granted defendant Equicor's motion to dismiss the third and fifth causes of action against Equicor. Plaintiff filed an appeal of that dismissal on September 12, 1994.

Because the issue of the appropriate statute of limitations on the remaining four causes of action against Shearson was not sufficiently addressed by the parties, the Court deferred defendant Shearson's motion and plaintiff's motion for summary judgment pending submission of briefs exclusively directed at the issues of statute of limitations and assessment of statutory penalties under section 1132(c).

The parties timely submitted their supplemental briefs to their pending motions for summary judgment. Plaintiff also filed a motion for reconsideration of the Court's August 12, 1994 Order and April 8, 1994 Order.

## II. DISCUSSION

### A. Legal Standards

#### 1. Rule 60(b)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders. That rule permits a district court to relieve a party from an order or judgment on grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); .... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b).

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir.1987). District Courts are authorized to reconsider interlocutory orders at any time prior to final judgment. *Mateo v. M/S Kiso*, 805 F.Supp. 761, 786 (N.D.Cal. 1991). To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *See, e.g., Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), *aff'd in part and rev'd in part on other*

*grounds,* 828 F.2d 514 (9th Cir.1987), *cert. denied,* 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).

 One major ground used to justify reconsideration of an order is a clear error of law by the Court or the need to prevent a "manifest injustice" from occurring. In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985). If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived. *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985).

### 2. *Summary Judgment*

Federal Rule of Civil Procedure 56 states that summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

In a motion for summary judgment, "[i]f the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact," the burden of production then shifts so that "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, '*specific facts* showing that there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)); *Kaiser Cement Corp. v. Fischbach & Moore, Inc.,* 793 F.2d 1100, 1103–04 (9th Cir.), *cert. denied,* 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986).

Rule 56(c) requires this Court to enter summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient: "[T]here must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). This Court thus applies to a motion for summary judgment the same standard as for a motion for directed verdict: "[W]hether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*

### B. *Analysis of Plaintiff's Motion for Reconsideration*

 Plaintiff essentially makes the same arguments as before: (1) that no legitimate ERISA plan limiting plaintiff's disability benefits to four years exists; (2) that the Equicor disability policy cannot be enforced against plaintiff; and (3) that the Court ignored plaintiff's evidence and argument regarding the liability of Equicor.

Plaintiff has filed this Rule 60(b) motion to prevent what he considers to be "manifest injustice" from occurring. Plaintiff has presented no newly discovered evidence or any element either of fact or of law which was not before the Court at the time the Court issued its April 8, 1994 Order recognizing the Equicor plan as valid and its August 12, 1994 Order denying plaintiff's motion for reconsideration and dismissing the claims against Equicor. Plaintiff has merely re-argued his previous motion and expressed his dissatisfaction with the Court's application of ERISA in this case.

Having reviewed the record and considered the parties' arguments, the Court is not persuaded that its decisions will work a "manifest injustice." Plaintiff asks, "Is it not a 'manifest injustice' for defendants to repeatedly ignore and breach their fiduciary duty to the plaintiff, and their statutory obligations under ERISA when those breaches directly cause financial catastrophe to the plaintiff?" Defendants, however, had no fiduciary duty toward plaintiff under sections

1109(a) and 1104(a) of ERISA. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 141–43, 105 S.Ct. 3085, 3090–91, 87 L.Ed.2d 96 (1985) (holding that sections 1109(a) and 1104(a) are designed to govern the fiduciary relationship of the plan administrator and the plan, not the relationship between the plan administrator and plan participants or beneficiaries). Because plaintiff has not offered new evidence or shown legal error or manifest injustice, plaintiff's motion for reconsideration is denied.

## C. *Analysis of the Parties' Motions for Summary Judgment*

Having denied plaintiff's motion for reconsideration, the Court now turns to the parties' motions for summary judgment on the remaining claims. The remaining causes of action under section 1132(c) correspond to written requests for information dated October 15, 1988, December 12, 1988, October 12, 1992, and February 1, 1993.

### 1. *Statute of Limitations*

■ Plaintiff argues that the six-year statute of limitations in 29 U.S.C. § 1113(a)(1) governs because his section 1132(c) claims involve a breach of a fiduciary duty under section 1109(a). Plaintiff cited *Russell v. Massachusetts Mutual Life Insurance Co.*, 722 F.2d 482, 488 (9th Cir.1983) for his proposition. However, that case was reversed by the Supreme Court specifically on this point in *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). The Supreme Court concluded that sections 1109(a) and 1104(a) are designed to govern the fiduciary relationship of the plan administrator and the plan, not the relationship between the plan administrator and plan participants or beneficiaries. *Id.* at 141–43, 105 S.Ct. at 3090–91. Thus, sections 1109(a) and 1104(a) do not provide for recovery of damages to plan beneficiaries or participants. Accordingly, the statute of limitations in section 1113(a)(1) clearly is inapplicable.

■ Several Courts of Appeals, including the Ninth Circuit, have found that section 1132 contains no statute of limitations, and that the district court must select a period

from a state statute governing analogous causes of action. *See Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 297 (9th Cir.1987); *Trustees for Alaska Laborers–Construction Indus. Health & Security Fund v. Ferrel*, 812 F.2d 512, 516 (9th Cir.1987); *Miles v. New York State Teamsters Conference, Etc.*, 698 F.2d 593, 598–99 (2d Cir.), *cert. denied*, 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983); *Jenkins v. Local 705 Int'l Brotherhood of Teamsters Pension Plan*, 713 F.2d 247, 251–54 (7th Cir.1983). In order to choose the most analogous state statute of limitations, the court must examine the underlying nature of the federal claims as well as the federal policies involved. *Jenkins*, 713 F.2d at 251.

■ Because plaintiff mischaracterizes the nature of his claims as that against fiduciaries, he erroneously relies on *FDIC v. McSweeney*, 976 F.2d 532 (9th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2440, 124 L.Ed.2d 658 (1993) in concluding that a four-year statute of limitations pursuant to California Civil Procedure Code § 343 is applicable. In contrast, defendant Shearson argues that relief under 29 U.S.C. 1132(c) is punitive, not compensatory, in nature and thus California Civil Procedure Code § 340(1) providing for a one-year statute of limitations should govern:

**Statutory penalty or forfeiture.** An action upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation; ....

Defendant Shearson's argument is persuasive. Case law establishes that "the penalties provisions of § 1132(c) were intended to induce compliance by plan administrators." *Paris v. F. Korbel & Brothers, Inc.*, 751 F.Supp. 834, 839 (N.D.Cal.1990) (citing *Porcellini v. Strassheim Printing Co.*, 578 F.Supp. 605, 612 (E.D.Pa.1983)). As noted by the court in *Porcellini*, "The statutory award under section 1132(c) is clearly punitive in nature. It is not intended to compensate a plan participant for injuries suffered as a result of an administrator's wrongful

refusal or failure to provide documents which a participant or beneficiary is entitled to under ERISA." *Porcellini*, 578 F.Supp. at 613–14. Therefore, the nature of plaintiff's § 1132(c) claims is punitive in nature and the one-year statute of limitations provided by the analogous California cause of action is applicable.

▪▪▪ Plaintiff's federal court action was commenced on May 4, 1993, following removal from state court. Thus, any waiting time penalty claim asserted by plaintiff based on conduct before May 4, 1992 is time-barred by the one-year statute of limitations. Accordingly, plaintiff's first and second claims for relief are time-barred as they are predicated on alleged requests made on October 15, 1988 and December 12, 1988, more than four years before plaintiff's federal court action was filed.[1]

### 2. *Fourth and Sixth Causes of Action*

▪▪▪ Plaintiff's fourth cause of action based on the October 12, 1992 request has no factual basis and is subject to summary judgment, since plaintiff did not ask for a copy of the policy, thereby failing to make an appropriate request for information. *See Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 624 (7th Cir.1987); *Wesley v. Monsanto Co.*, 710 F.2d 490, 491 (8th Cir.1983).

Furthermore, when plaintiff requested for information on February 1, 1993, he was not a "participant" under section 1132(c) at the time of the request because he was not one "who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7); *see Kuntz v. Reese*, 785 F.2d 1410, 1411 (9th Cir.), *cert. denied*, 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986). Thus, his sixth cause of action has no merit.

### 3. *Statutory Penalty*

▪▪▪ Even if plaintiff's remaining causes of action were not decided against him, assessment of statutory penalties would be inappropriate. Whether to award monetary damages under section 1132(c) is a matter of discretion. 29 U.S.C. § 1132(c); *Gillis v. Hoechst Celanese Corp.*, 4 F.3d 1137, 1148 (3d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1369, 128 L.Ed.2d 46 (1994). To impose a penalty, some courts have required a plaintiff to show that his rights were harmed or otherwise prejudiced by the delay. *Chambers v. European Am. Bank & Trust Co.*, 601 F.Supp. 630, 638–39 (E.D.N.Y.1985); *Shlomchik v. Retirement Plan of Amalgamated Ins. Fund*, 502 F.Supp. 240, 245 (E.D.Pa.1980). Other courts have found that a showing of harm or prejudice is not necessary to impose a penalty because the primary objective of the penalty provisions of section 1132(c) is to induce administrators to comply promptly with requests for information. *Porcellini*, 578 F.Supp. at 614. Under this rationale, the court should focus on the conduct of the administrator, such as whether he acted negligently or intentionally, or in bad faith. *Id.* Even if the court finds that prejudice is not a necessary showing, however, prejudice is still an appropriate consideration in the court's discretion. *See id.*

#### a. *Bad Faith*

Plaintiff alleges that defendant Shearson acted in bad faith. However, these allegations are merely conclusory since plaintiff has not offered any evidence of bad faith. On the contrary, the facts of this case establish that (1) Shearson distributed a booklet to its employees prior to April 1, 1988 advising them of the four-year limitation on mental and nervous disabilities; (2) Shearson never told plaintiff he would receive coverage of mental and nervous disabilities until he was 65; (3) Shearson timely responded, albeit

---

**1.** The filing date in state court is March 26, 1993. Plaintiff's original filing in state court did not toll the statute of limitations of the federal action because the commencement of an action in a clearly inappropriate forum—a court that lacks jurisdiction—does not toll the statute of limitations. *Shofer v. Hack Co.*, 970 F.2d 1316, 1319 (4th Cir.1992). Nevertheless, the result is the same in this case under California Civil Procedure Code § 340(1) whether the state court filing date of March 26, 1993 or the federal court filing date of May 4, 1993 is used. The Court also notes that, even if it were to apply the four-year statute of limitation suggested by plaintiff pursuant to California Civil Procedure Code § 343, the first and second claims for relief would still be time-barred.

orally, to plaintiff' December 12, 1988 request for information; (4) plaintiff received all of the long-term benefits payable under the Equicor policy; and (5) plaintiff testified that Shearson's Manager of Group Insurance, Jeanne Rogers, with whom plaintiff dealt primarily, always treated him in a fair, honest, and forthright manner.

### b. *Harm or Prejudice*

Plaintiff has alleged financial loss from Shearson's failure to provide information. Specifically, plaintiff asserts that reliance on a continuing income caused him to refuse favorable offers to sell property in Hawaii in 1990. However, when his disability income payments ceased unexpectedly in 1992, property values had already declined sharply, and he was forced to file bankruptcy under Chapter 11 because he had no income to pay property expenses.

Although plaintiff has alleged financial harm, he has not supplied evidence that his rights were prejudiced or otherwise harmed. Plaintiff speculates that he would have entered into successful multi-million dollar transactions had he known he would only receive $720,000 in total long-term disability payments. However, plaintiff's deposition establishes that the primary reason that plaintiff did not sell his property for $9,000,-000 in 1990 was that he thought the property was going to continue to increase in value. He also admitted that the 1990 offer for his restaurant fell apart in 1990.

Moreover, plaintiff first began falling behind on his lease payments on one of his restaurants in 1991, before his benefits ran out. Thereafter, he failed to keep current with payroll taxes for restaurant employees, and the Internal Revenue Service imposed tax liens against his property. In short, while plaintiff blames his bankruptcy on Shearson, factual evidence and bankruptcy documents establish that his business woes commenced well before plaintiff received his final disability payment in September 1992.

In sum, not only would assessment of statutory penalties against defendant Shearson be inappropriate due to plaintiff's failure to show bad faith on the part of Shearson or offer evidence of prejudice or harm, but plaintiff's four remaining causes of action are subject to summary judgment against him on other grounds. His first and second causes of action are time-barred. The fourth cause of action has no factual basis because he did not make an appropriate request for information. The sixth cause of action has no merit because he was no longer a participant of the plan at the time he made the request for information.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's motion to reconsider and set aside orders is DENIED.

2. Summary judgment in favor of defendant Shearson is GRANTED.

3. The Clerk of the Court shall close the file.

IT IS SO ORDERED.

### JUDGMENT

Pursuant to an Order filed by the Court on August 12, 1994 dismissing plaintiff's action against defendants Equicor, Inc. and the Equitable Life Assurance Society of the United States, and an Order filed by the Court on December 6th, 1994 denying plaintiff's motion for reconsideration and granting summary judgment in favor of defendants Smith Barney Shearson, Inc. and Shearson Lehman Brothers', the Court hereby enters FINAL JUDGMENT in favor of all defendants, Smith Barney Shearson, Inc. and Shearson Lehman Brothers', and defendants Equicor, Inc. and the Equitable Life Assurance Society of the United States, and against plaintiff Robert H. Glavor.

IT IS SO ADJUDGED.