# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60439
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2018

Lyle W. Cayce
Clerk

EDWARD BROWN,

Plaintiff - Appellant

v.

WILKINSON COUNTY SHERIFF DEPARTMENT; REGINALD LEE
JACKSON, Individually, and in his official capacity as Wilkinson County
Sheriff; ED ALEXANDER, Individually, and in his official capacity as a
deputy of Wilkinson County Sheriff Department; C. L. THOMPSON,
Individually, and in his official capacity as a Deputy of Wilkinson County
Sheriff Department; GLORIA ASHFORD, Individually, and in her official
capacity as a Deputy of Wilkinson County Sheriff Department; WILKINSON
COUNTY BOARD OF SUPERVISORS; RICHARD L. HOLLINS; WILL
SEAL, Individually, and in his official capacity; VENTON MCNABB,
Individually, and in his official capacity; KENYON JACKSON, Individually,
and in his official capacity; JENNINGS NETTLES, Individually, and in his
official capacity; WILKINSON COUNTY, MISSISSIPPI,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:16-CV-124

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

No. 18-60439

PER CURIAM:*

In August 2015, Edward Brown sustained serious injuries when he was beaten by three inmates while in pretrial custody in the Wilkinson County jail in Mississippi. Brown brought this action under 42 U.S.C. § 1983, alleging, inter alia, that various individual and municipal Defendants violated his Fourth and Fourteenth Amendment rights. The district court dismissed all claims except Brown's excessive force claim under a theory of bystander liability against Deputy Sheriff Gloria Ashford, in her individual capacity, and claims against numerous officers in their official capacities.

Ashford and two other officers moved for summary judgment. The district court granted the motion,[1] dismissing Brown's claims with prejudice. The district court held that, with respect to Ashford, Brown lacked evidence supporting a bystander liability claim and, with respect to the officers, Brown could not demonstrate any underlying violation of his constitutional rights. Brown filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), which the district court denied, noting that Brown was attempting to relitigate claims not properly before the district court and reiterating its reasons for denying summary judgment. Brown appealed.

Brown alleges that Ashford and Deputy Sheriff CL Thompson violated their constitutional duty to protect him from harm at the hands of fellow inmates and acted with deliberate indifference to his serious medical needs. However, Brown raised these claims for the first time in his response to Defendants' summary judgment motion, and the district court correctly declined to consider them. *See Cutrera v. Bd. of Sup'rs of Louisiana State*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although only two of the officers moved for summary judgment, the district court granted summary judgment in favor of all officers in their official capacities.

No. 18-60439

*Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (noting that a claim that was not raised in the complaint but was raised only in response to a motion for summary judgment is not properly before the court (citing *Fisher v. Metropolitan Life Ins. Co.,* 895 F.2d 1073, 1078 (5th Cir. 1990)). Because the district court did not pass upon these issues, we decline to address them. *See Luv N' Care, Ltd. v. Groupo Rimar*, 844 F.3d 442, 451 n.8 (5th Cir. 2016) (citing *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)).

Brown further argues that the district court erred by granting summary judgment and denying his Rule 59(e) motion with respect to Ashford and the rest of the officers in their official capacities. We disagree. An officer may be liable under § 1983 under a theory of bystander liability if she "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (internal quotation marks omitted). Brown concedes that he was harmed by three inmates and that an officer's mere presence, without more, does not give rise to a bystander liability claim. Because Brown has offered insufficient summary judgment evidence that any officer participated in the incident, or that Ashford knew of any officer's participation, his bystander liability claim against Ashford fails.

Having failed to demonstrate an underlying constitutional violation, Brown's failure-to-train-or-supervise claim against Wilkinson County, and his claims against the officers in their official capacities, fail. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (noting that a claim against an individual defendant in his official capacity is the same as a claim against a municipality); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) ("[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom."). Accordingly, we AFFIRM.

3